UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS
EASTERN DIVISION

| | |
|---|---|
| LATONYA CAMPBELL, individually and on behalf of others similarly situated, | Complaint - Class Action |
| Plaintiff, | Jury Trial Demanded |
| vs. | Civil Case No.: |
| SIMPLISAFE, INC., | |
| Defendant. | |

**COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND**

Plaintiff LaTonya Campbell, individually and on behalf of all others similarly situated, by and through her attorneys, Brown, LLC, hereby brings this Collective and Class Action Complaint against Defendant SimpliSafe, Inc., and alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

**INTRODUCTION**

1. Plaintiff brings this action for herself and all other similarly situated hourly-paid call center workers to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* and attendant regulations at 29 C.F.R. § 516, *et seq.*

2. Plaintiff also brings this action for herself and on behalf of all other similarly situated hourly-paid call center workers to recover unpaid straight time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Virginia Overtime Wage Act ("VOWA"), Va. Code Ann. §§ 40.1-29.3 and 40.1-29.2. as well as the Virginia Wage Payment Act ("VWPA"), Va. Code

Ann. § 40.1-29.

3. Defendant SimpliSafe, Inc. provides security camera and home monitoring services.

4. Defendant employs hourly-paid call center workers whose job duties include handling inbound telephone calls to provide support to Defendant's clients and to help convert inbound sales calls into clients.

5. Plaintiff and the putative FLSA collective and Rule 23 class members are hourly-paid call center workers employed by Defendant in the last three (3) years, who were deprived of proper wages as a result of the following unlawful policies maintained by Defendant:

    a. Failing to pay hourly-paid call center workers for all hours worked during and around their scheduled shifts—particularly time spent performing job-related tasks before being fully logged into required systems and able to handle customer calls—even when such time contributed to hours worked in excess of forty (40) in a workweek; and

    b. Excluding certain compensation paid by Defendant to hourly-paid call center workers (i.e. Shift Differentials and Loyalty Bonuses) from its calculation of their overtime rates of pay, which they received when their paid hours exceeded forty (40) in a workweek.

6. As a result of these policies, Defendant failed to pay hourly-paid call center workers for all hours worked, including hours worked in excess of forty (40) hours in a week, and failed to pay them time-and-a-half of their regular rate of pay for all hours worked in excess of forty (40) hours in a week, in violation of the FLSA, VOWA, and VWPA.

7. Plaintiff asserts the FLSA claims individually and on behalf of a putative "FLSA Collective," defined as:

> *All hourly-paid call center workers employed by Defendant in the United States or in any other place covered by the FLSA at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

8. Plaintiff seeks to send notice pursuant to 29 U.S.C. § 216(b) to all hourly-paid call

center workers of Defendant informing them of their rights to assert FLSA claims in this collective action by filing consent forms.

9. Plaintiff asserts the VOWA and VWPA claims individually and on behalf of a putative class pursuant to Fed. R. Civ. P. 23, defined as:

*All hourly-paid call center workers employed by Defendant in the Commonwealth of Virginia at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

10. Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

12. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

13. The Court has general personal jurisdiction over Defendant because it is domiciled in Massachusetts.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this district.

## PARTIES

15. Defendant SimpliSafe, Inc. is a corporation created and existing under and by virtue of the laws of the state of Massachusetts.

16. Defendant has a principal address at 100 Summer St, Suite 300, Boston, Massachusetts 02110.

17. Plaintiff Latonya Campbell ("Campbell") is a resident of Tappahannock, Virginia.

18. Campbell was employed by Defendant as an hourly paid call center worker from September 26, 2022 to November 21, 2024. Campbell's job title as an hourly-paid call center worker was "Loyalty Account Specialist"

19. Campbell worked primarily from her home in Tappahannock, Virginia, and occasionally from Defendant's call center in Richmond, Virginia.

20. Campbell's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit 1**.

## FACTUAL ALLEGATIONS[1]

21. Defendant provides home security services including the sale and distribution of monitoring equipment, and services in the form of system installation, remote monitoring, and security guard and police dispatching in the event of a security alarm trigger.

22. Defendant operates an enterprise engaged in commerce or in the production of goods for commerce, as defined under the FLSA.

23. Defendant is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

24. Defendant is an enterprise that has two (2) or more employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

25. Hourly-paid call center workers are engaged in commerce.

---

[1] The allegations in this Complaint, unless otherwise specified, refer to the time period of three years prior to the filing of this Complaint through the present.

4

26. Defendant was the "employer" of hourly-paid call center workers within the meaning of the FLSA, VOWA, and VWPA.

27. Hourly-paid call center workers are "employees" of Defendant within the meaning of the FLSA, VOWA, and VWPA.

28. Hourly-paid call center workers' primary job duty is to handle inbound telephone calls to provide support and information to Defendant's clients and their prospective clients.

29. Hourly-paid call center workers' job titles include, but are not limited to "Loyalty Account Specialist," "Customer Success Specialist," "Customer Loyalty Agent," and "Inbound Sales Specialist." Hourly-paid call center workers' base compensation consists of an hourly rate of pay.

30. In addition to their base compensation, Defendant also pays hourly-paid call center workers through forms of compensation including but not limited Loyalty Bonuses and Shift Differentials.

31. Defendant is contractually obligated to pay each hourly-paid call center worker for all hours worked.

32. Defendant requires hourly-paid call center workers to record their time by clocking in and out on an electronic timekeeping system.

33. Defendant suffers and permits hourly-paid call center workers to regularly work more than forty (40) hours per week.

34. Defendant requires hourly-paid call center workers to follow work schedules that typically consist of at least five shifts per week, each consisting of at least eight (8) hours of scheduled work time (exclusive of unpaid meal break periods), with the total scheduled work time equating to at least forty (40) hours in the week.

35. Defendant requires hourly-paid call center workers to be fully logged into all necessary systems and capable of handling customer calls by the scheduled start of their shifts and upon returning from unpaid meal breaks.

36. To meet this requirement, call center workers routinely perform work-related tasks before and after their scheduled paid time, including turning on and booting up their computers, logging in with their credentials, connecting to the SimpliSafe VPN, launching their phone system (PureCloud), accessing their scheduling software (Nice), and opening UKG (collectively, the "System Setup Process").

37. SimpliSafe's policies and practices result in call center workers regularly engaging in this System Setup Process without receiving compensation, particularly during periods when they are not yet handling live calls. This includes time worked before the scheduled start of their shifts, during unpaid meal breaks, and after scheduled shifts, if the workers remain active but not engaged in call handling.

38. Rather than compensating call center workers for all hours during which they are performing work-related tasks, Defendant conditions compensation on whether the employee is actively logged into the phone queue and capable of receiving calls. As a result, hours spent completing the System Setup Process or addressing technical issues prior to becoming call-capable are routinely excluded from compensation.

39. As a result, during many workweeks within the three years preceding the filing of this Complaint, Defendant failed to pay hourly-paid call center workers for compensable time worked—such as time spent performing required tasks while not actively handling calls—even when that time caused their total hours worked to exceed forty (40) in a workweek..

40. Defendant is aware that, or alternatively, recklessly disregarded the well-settled

legal principle that activities performed by call center agents, like those comprising the Set-up Process, are compensable under the FLSA.[2]

41. Defendant is aware that its hourly-paid call center workers regularly perform compensable work tasks during periods when they are not yet actively handling calls, including before and after their scheduled shifts and during unpaid breaks.

42. Defendant further knows that this work is frequently uncompensated as a result of its timekeeping and payroll practices, which often fail to account for job-related activity performed outside of active queue time. Despite having access to login data, time records, and internal communications reflecting this unpaid work, Defendant has not taken adequate steps to ensure that all compensable time is paid in accordance with the FLSA.

43. Defendant fails to pay hourly-paid call center workers for hours worked in excess of forty (40) in a workweek at a rate of or greater than 1.5 times their regular rate of pay.

44. In many weeks Defendant further fails to include additional compensation hourly-paid call center workers receive in addition to their base hourly wages when determining their regular rates of pay, for purposes of determining the rate to pay them for hours worked in excess of forty (40) in a workweek.

45. Defendant fails to include performance-based payments identified on Plaintiff's

---

[2] *See Cadena v. Customer Connexx LLC*, 51 F.4th 831, 840 (9th Cir. 2022) ("Because Appellants cannot perform their principal duties—receiving customer calls and scheduling—without a functional computer, booting up their computers at the beginning of their shifts is integral and indispensable and therefore compensable under the FLSA."); *Peterson v. Nelnet Diversified Sols., LLC*, 15 F.4th 1033, 1041 (10th Cir. 2021) ("[T]he preshift activities of booting up a computer and launching software are integral and indispensable to the CCRs' principal duties of servicing student loans by communicating with borrowers over the phone and by email."); U.S. Department of Labor, Wage and Hour Division, *Fact Sheet #64: Call Centers under the Fair Labor Standards Act (FLSA)* (July 2008)). ""An example of the first principal activity of the day for agents/specialists/representatives working in call centers includes starting the computer to download work instructions, computer applications, and work-related emails.").

paystubs as "Loyalty Bonus[es]" hourly-paid call center workers receive in addition to their base hourly wages when determining their regular rates of pay, for purposes of determining the rate to pay them for hours worked in excess of forty (40) in a workweek.

46. Defendant's Loyalty Bonus payments to hourly-paid call center workers are not eligible for exclusion from the calculation of their overtime rates of pay.

47. Defendant fails to include Shift Differential payments (identified on Plaintiff's paystubs as "Shift Differential") hourly-paid call center workers receive in addition to their base hourly wages when determining their regular rates of pay, for purposes of determining the rate to pay them for hours worked in excess of forty (40) in a workweek.

48. Defendant's Shift Differential payments to hourly-paid call center workers are not eligible for exclusion from the calculation of their overtime rates of pay.

49. Defendant fails to include additional compensation to hourly-paid call center workers including Shift Differential and Loyalty Bonus payments) as part of the "total remuneration" it uses to calculate their regular and overtime times, respectively.

50. The FLSA requires overtime to be paid at least 1.5x an employees' "regular rate," which, subject to some exceptions not relevant here, includes "all remuneration for employment paid to, or on behalf of, the employee'" *See* 29 C.F.R. § 778.108. The VOWA incorporates these requirements. *See* Va. Code Ann. § 40.1-29.3(B).

51. Defendant violates these requirements by failing to pay hourly-paid call center workers for hours worked in excess of forty (40) in a workweek at a rate of or greater than 1.5 times their regular rate of pay.

52. Defendant is aware of, and/or recklessly disregards the possibility that the rate it pays hourly-paid call center workers for hours worked in excess of forty (40) in a workweek is

less than 1.5 times their regular rate of pay.

53.     Defendant is aware of, and/or recklessly disregards the possibility that the rate it pays hourly-paid call center workers for hours worked in excess of forty (40) in a workweek unlawfully fails to incorporate the additional forms of compensation they receive in addition to their base hourly wages.

54.     Defendant has willfully violated the FLSA, the VOWA, and the VWPA.

55.     Defendant's wrongful acts and/or omissions/commissions, as alleged herein, have not been exercised in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

56.     As a result of its unlawful pay and timekeeping policies, there have been many weeks within the three years preceding this action in which Defendant failed to pay hourly-paid call center workers for all hours worked, including hours worked in excess of forty (40) hours in a week, and failed to pay them time-and-a-half of their regular rate of pay for all hours worked in excess of forty (40) hours in a week, in violations of the FLSA, VOWA, and VWPA.

## COLLECTIVE ACTION ALLEGATIONS

57.     Plaintiff re-alleges and incorporates all previous paragraphs herein.

58.     Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all hourly-paid workers who have been affected by Defendant's common unlawful policies and practices which include failing to pay overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq.*

59. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

*All hourly-paid call center workers employed by Defendant in the United States or in any other place covered by the FLSA at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

60. Plaintiff reserves the right to amend this definition as necessary.

61. As a result of the Defendant's illegal policies, there were many weeks in which Defendant failed to compensate members of the FLSA collective at an overtime premium rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

62. Plaintiff brings this collective action against Defendant to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

63. The collective action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

64. Plaintiff seeks to send notice to the hourly-paid workers of Defendant informing them of their rights to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

65. Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because they were subject to the same or similar unlawful policies and practices as stated herein and their claims are based upon the same factual and legal theories.

66. Plaintiff anticipates that there will be no difficulty in the management of this

litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

67. Plaintiff and the putative FLSA collective members demand a trial by jury.

## RULE 23 CLASS ACTION ALLEGATIONS

68. Plaintiff re-alleges and incorporates all previous paragraphs herein.

69. Plaintiff also seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, on behalf all hourly-paid workers who have been affected by Defendant's common unlawful policies and practices which include failing to pay straight time and overtime compensation, in violation of the VOWA and VWPA.

70. Plaintiff brings this Rule 23 class action on behalf of:

*All hourly-paid call center workers employed by Defendant in the Commonwealth of Virginia at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

71. Plaintiff reserves the right to amend this definition as necessary.

72. Plaintiff brings this Rule 23 class action against Defendant to recover unpaid straight time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the VOWA and VWPA.

73. The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical. Plaintiff reasonably estimates that there are a substantial number of class members in the Commonwealth of Virginia. The Rule 23 class members should be easy to identify from Defendant's payroll and personnel records.

74. There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions

11

affecting each individual class member.

75. Plaintiff's claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. All of the class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay straight time and overtime wages. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

76. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay straight time and overtime wages. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

77. Plaintiff will fully and adequately protect the interests of the class members and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and her counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

78. Defendant's corporate-wide policies and practices affected all class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claims arise from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and her counsel know of no unusual difficulties in this case.

79. Plaintiff and the Rule 23 class members demand a trial by jury.

**COUNT I**
**(Individual and 29 U.S.C. § 216(b) Collective Action Claims)**
<u>**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.***</u>
<u>**Failure to Pay Overtime Wages**</u>

80. Plaintiff re-alleges and incorporates all previous paragraphs herein.

81. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of her employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which she is employed.

82. Plaintiff and the FLSA collective members worked over forty (40) hours a week for Defendant in many workweeks.

83. As a result of the policies and violations alleged herein, Defendant failed to pay Plaintiff and the FLSA collective members for all hours worked in excess of forty (40) hours in a workweek.

84. As a result of the policies and violations alleged herein, Defendant failed to pay Plaintiff and the FLSA collective members overtime pay at a rate of 1.5 of their regular rates of pay.

85. Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

86. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

87. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the FLSA collective members were illegally deprived of overtime wages

13

earned, in such amounts to be determined at trial, and are entitled to recover overtime wages for all unpaid hours worked in excess of forty (40) in a workweek, straight-time wages for all unpaid hours worked to forty (40) in all weeks for which overtime wages are owed, *see Conner v. Cleveland Cty.*, 22 F.4th 412, 425-26 (4th Cir. 2022) ("Accordingly, we hold that overtime gap time claims are cognizable under the FLSA"), liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT II**
**(Individual and Fed R. Civ. P. 23 Class Action Claims)**
**Violation of the VOWA**
**Failure to Pay Overtime Wages**

88. Plaintiff re-alleges and incorporates all previous paragraphs herein.

89. The VOWA provides: "[a]ny employer that violates the overtime pay requirements of the federal Fair Labor Standards Act … shall be liable to the employee for the applicable remedies, damages, or other relief available under the federal Fair Labor Standards Act in an action brought pursuant to the process in subsection J of § 40.1-29."

90. Plaintiff and the Rule 23 class members worked over forty (40) hours a week for Defendant in many workweeks.

91. As a result of the policies and violations alleged herein, Defendant failed to pay Plaintiff and the Rule 23 class members for all hours worked in excess of forty (40) hours in a workweek.

92. As a result of the policies and violations alleged herein, Defendant failed to pay Plaintiff and the Rule 23 class members overtime pay at a rate of 1.5 of their regular rates of pay.

93. Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

94. As a result of Defendant's uniform and common policies and practices described

above, Plaintiff and the Rule 23 class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recover overtime wages for all unpaid hours worked in excess of forty (40) in a workweek, straight-time wages for all unpaid hours worked to forty (40) in all weeks for which overtime wages are owed, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to VOWA. *See* Va. Code Ann. §§ 40.1-29.3 and 40.1-29.2.

## COUNT III
### (Individual and Fed R. Civ. P. 23 Class Action Claims)
### Violation of the VWPA
### Failure to Pay Wages

95. Plaintiff re-alleges and incorporates all previous paragraphs herein.

96. The VWPA requires every employer to pay "employees paid on an hourly rate at least once every two weeks or twice in each month," Va. Code Ann. § 40.1-29(A), and that "if an employer fails to pay wages to an employee in accordance with this section, the employee may bring an action…." Va. Code Ann. § 40.1-29(J).

97. Defendant was contractually obligated to pay Plaintiff and the Rule 23 class members for all hours worked.

98. As a result of the policies and violations alleged herein, Defendant failed to pay Plaintiff and the Rule 23 class members for all hours worked.

99. Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

100. As a result of Defendant's conduct described above, Plaintiff and the Rule 23 class members were illegally deprived of compensation earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amount, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to VWPA.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A)   A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the FLSA;

(B)   A declaratory judgment that Defendant's wage practices alleged herein violate the VOWA and VWPA;

(C)   An Order for injunctive relief ordering Defendant to comply with the FLSA, VOWA and VWPA, and end all of the illegal wage practices alleged herein;

(D)   Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E)   Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the VOWA and VWPA claims set forth herein;

(F)   Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G)   Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(H)   Designating Plaintiff as the representatives of the FLSA collective and Rule 23 class in this action;

(I) Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Class in this action;

(J) Judgment for damages for all unpaid overtime wages and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA;

(K) Judgment for damages for all unpaid overtime wages and pre- and post-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the VOWA and VWPA;

(L) Judgment for damages for all unpaid wages, liquidated damages and pre- and post-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the VWPA;

(M) An incentive award for the Plaintiff for serving as representative of the FLSA collective and Rule 23 class in this action;

(N) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA, VOWA and VWPA;

(O) Judgment for any and all civil penalties to which Plaintiff and the FLSA collective and Rule 23 class members may be entitled; and

(P) Such other and further relief as to this Court may deem necessary, just and proper.

**JURY DEMAND**

Plaintiff, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

                                     Respectfully Submitted,

Dated: July 8, 2025                     **STEFFANS LEGAL PLLC**

                                 By: _/s/ Benjamin K. Steffans_
                                    Benjamin K. Steffans, Esq.
                                    180 Elm Street, Suite I, Box 183
                                    Pittsfield, MA 01202
                                    T: (413) 418-4176
                                    bsteffans@steffanslegal.com

                                    *Local Counsel for Plaintiff*

                                    Nicholas Conlon (to seek PHV)
                                    BROWN, LLC
                                    111 Town Square Place, Suite 400
                                    Jersey City, NJ 07310
                                    T: (877) 561-0000
                                    F: (855) 582-5279
                                    nicholasconlon@jtblawgroup.com

                                    *Lead Counsel for Plaintiff*