**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **LATONYA CAMPBELL, individually and on behalf of others similarly situated,** ) ) ) | | |
| **Plaintiff,** ) ) ) | | |
| **v.** ) ) | **Civil Action No.** **25-11946-FDS** | |
| **SIMPLISAFE, INC.,** ) ) ) | | |
| **Defendant.** ) ) | | |

**MEMORANDUM AND ORDER ON**
**DEFENDANT'S MOTION TO DISMISS**

**SAYLOR, J.**

This is a case about employee claims for unpaid wages. Plaintiff LaTonya Campbell, individually and on behalf of a putative FLSA collective and a Rule 23 class, asserts that defendant SimpliSafe, Inc. violated both the federal Fair Labor Standards Act and the Virginia Overtime Wage Act by failing to compensate its employees for certain time they spent turning on their computers and getting ready for work, and by improperly excluding certain compensation from its calculation of their "regular rate" of pay.

Defendant has moved to dismiss the claim under Virginia law on the ground that the complaint fails to state a claim upon which relief can be granted. For the following reasons, the motion will be granted.

## I.    Background

### A.    Factual Background

The following facts are set forth as alleged in the amended complaint.

SimpliSafe, Inc., is a Massachusetts corporation that provides home-security services, including the sale and installation of home-monitoring equipment, remote monitoring, and security guard and police dispatching.  (Am. Compl. ¶¶ 15, 21, Dkt. No. 20).  To conduct its business, SimpliSafe employs a number of call-center workers to answer inbound telephone calls and provide support to customers and potential clients.  (*Id.* ¶ 28).  These call-center workers have various job titles, including "Loyalty Account Specialist," "Customer Success Specialist," "Customer Loyalty Agent," and "Inbound Sales Specialist."  (*Id.* ¶ 29).  Their compensation consists of an hourly rate of pay; "Loyalty Bonuses," which are performance-based incentives calculated based on various factors; and "Shift Differentials," which are a higher hourly rate paid for work done after certain times of day and on weekends.  (*Id.* ¶¶ 29-32).  SimpliSafe requires these employees to record their time worked by using electronic timekeeping software to clock in and out, and it requires that they be "fully logged into all necessary systems and capable of handling customer calls by the scheduled start of their shifts and upon returning from unpaid meal breaks."  (*Id.* ¶¶ 34, 38).

To comply with this requirement, call-center workers routinely perform work-related tasks before their shifts are scheduled to start, consisting largely of booting up their computers and logging into all necessary software programs (what the complaint terms the "System Setup Process").  (*Id.* ¶ 39).  The complaint alleges that this practice effectively requires the call-center employees to work without receiving compensation and to work more than forty hours per week without receiving overtime pay.  (*Id.* ¶¶ 41, 100-102).

The complaint also asserts that SimpliSafe improperly excluded the "Loyalty Bonuses" and "Shift Differentials" employees earned from its calculation of their "regular rate" for purposes of the FLSA.  (*Id.* ¶¶ 59-67).  As a result, even when SimpliSafe does give its

employees overtime pay, the complaint asserts, they still receive less than the 1.5 times their properly calculated "regular rate" to which they are entitled by law.  (*Id.* ¶ 67).

Plaintiff LaTonya Campbell worked for SimpliSafe for approximately two years, from September 2022 to November 2024, as a "Loyalty Account Specialist."  (*Id.* ¶ 18).  She worked primarily from her home in Tappahannock, Virginia, but would occasionally also work from defendant's call center in Richmond, Virginia.  (*Id.* ¶ 19).  The complaint alleges that there were "many weeks" in which she worked more than forty hours, counting time before she was actively logged into the phone queue and capable of receiving calls, which was the only time SimpliSafe's system would record.  (*Id.* ¶ 45).  As a result of certain technical delays, her clock-in time was often delayed by between five minutes and one hour beyond her scheduled shift start, but SimpliSafe refused to pay her for that time.  (*Id.* ¶¶ 49-51).  The complaint also includes similar allegations regarding other opt-in plaintiffs.  (*Id.* ¶¶ 53-55).

The complaint alleges that SimpliSafe violated the FLSA and the VOWA by failing to compensate Campbell for time spent on the System Setup Process; by failing to give Campbell overtime pay when she worked more than forty hours in a week as a result of time spent on the System Setup Process; and by failing to include the "Loyalty Bonus" and "Shift Differential" payments in calculating Campbell's "regular rate."  (*Id.* ¶¶ 56-66).

### B.    **Procedural Background**

Plaintiff filed her initial complaint on July 8, 2025.  (Dkt. No. 1).  On September 8, 2025, defendant moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  (Dkt. No. 10).  On September 29, 2025, plaintiff filed an amended complaint, along with an opposition to defendant's motion to dismiss.  (Dkt. Nos. 20, 21).  On October 14, 2025, defendant filed a reply in support of its motion to dismiss, which the Court will treat as renewed as to the amended complaint.  (Dkt. No. 24).

The original complaint asserted three claims:  one for violation of the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; one for violation of the Virginia Overtime Wage Act (VOWA), Va. Code Ann. § 40.1-29.2; and one for violation of the Virginia Wage Payment Act, Va. Code Ann. § 40.1-29.  The amended complaint omits the VWPA claim, so two claims remain in this case:  Count 1 for violation of the FLSA and Count 2 for violation of the VOWA.  (Am. Compl. ¶¶ 98-112).

Plaintiff has also filed several opt-in notices for other members of the FLSA collective while the case has progressed.  (Dkt. Nos. 7, 16, 25-28).

## II.    Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), the complaint must state a claim that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  When determining whether a complaint satisfies that standard, a court must "take the complaint's well-pleaded facts as true, and . . . draw all reasonable inferences in the plaintiff's favor."  *Lowe v. Mills*, 68 F.4th 706, 713 (1st Cir. 2023) (quoting *Frese v. Formella*, 53 F.4th 1, 5 (1st Cir. 2022)) (citation modified).  Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

4

**III.    <u>Analysis</u>**

In its reply, defendant withdrew its motion to dismiss as to Count 1 of the amended complaint.  (Dkt. No. 24 at 2).  Therefore, the only remaining issue is whether Count 2 of the amended complaint should be dismissed because it is preempted by federal law.

It is well-established that actions brought for violation of the FLSA may not be brought as class actions under Fed. R. Civ. P. 23, but must instead be brought as collective actions following the procedure set out at 29 U.S.C. § 216(b).  *See, e.g.*, *Cunha v. Avis Budget Car Rental, LLC*, 221 F. Supp. 3d 178, 181 (D. Mass. 2016).  The Court of Appeals has, in the past, referred to collective actions under § 216(b) as "class actions," and the two forms indeed share many similarities.  *See Skirchak v. Dynamics Rsch. Corp.*, 508 F.3d 49, 58 (1st Cir. 2007).  But they differ in one key manner:  employees must affirmatively opt into a collective action under § 216(b), while members of a properly certified Rule 23 class are included by default and must take affirmative steps to opt out of the class.  *See Cunha*, 221 F. Supp. 3d at 181.  Therefore, if the VOWA claim remains in the case, plaintiff may potentially pursue an opt-out class action; if it does not, then she may pursue only an opt-in collective action.

Defendant contends that to the extent that the VOWA claim seeks to vindicate precisely the same rights protected by the FLSA, it is preempted.  (Dkt. No. 11 at 7-9).  Plaintiff counters that several federal courts in Virginia have found that the VOWA is not preempted by the FLSA, and that this Court should follow their reasoning.  (Dkt. No. 21 at 10-12).

The VOWA was first enacted in 2021 and was substantially amended the following year. *See* Va. Code Ann. § 40.1-29.2.  As currently effective, the statute simply incorporates the standards of the federal FLSA into state law:

> Any employer that violates the overtime pay requirements of the federal Fair
> Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., as amended, and any
> regulations, guidance, or rules adopted pursuant to the overtime pay provisions of

such federal act or any related governing case law shall be liable to the employee for the applicable remedies, damages, or other relief available under the federal Fair Labor Standards Act in an action brought pursuant to the process in subsection J of § 40.1-29. For the purposes of this section, "employer" and "employee" shall have the meanings ascribed to them under the federal Fair Labor Standards Act and all applicable exemptions, overtime calculation methods, methods of overtime payment, or other overtime provisions within the federal Fair Labor Standards Act and any attendant regulations, guidance, or rules shall apply. Any action brought pursuant to this section shall accrue according to the applicable limitations set forth in the federal Fair Labor Standards Act.

*Id.*

The federal Fair Labor Standards Act was first enacted in 1938, and was intended to "protect employees from excessive hours and substandard wages, 'which endangered national health and efficiency and as a result the free movement of goods in interstate commerce.'" *Doctors Hosp., Inc. v. Silva Recio*, 558 F.2d 619, 623 (1st Cir. 1977) (quoting *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945)). Although the Act was designed to provide a national standard for minimum wage and maximum hours, it was not intended to prevent states from enacting their own legislation that was more protective of workers' rights. The Act includes an explicit savings clause to this effect: "No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter. . . ." 29 U.S.C. § 218(a). That savings clause notwithstanding, numerous courts have recognized that the FLSA provides "the exclusive remedy for enforcement of rights created under the FLSA," to the exclusion of state laws purporting to allow enforcement of those same rights. *See Roman v. Maietta Constr., Inc.*, 147 F.3d 71, 76 (1st Cir. 1998) (citation modified); *see also McGrath v. City of Somerville*, 419 F. Supp. 3d 233, 255 (D. Mass. 2019) (same). This is because permitting litigants to avoid the FLSA's "unusually elaborate enforcement scheme" simply by repackaging

6

an FLSA claim as a state-law claim would "stand as an obstacle to the accomplishment of the full purposes and objectives of the FLSA." *See Anderson v. Sara Lee Corp.*, 508 F.3d 181, 192-93 (4th Cir. 2007) (citation modified). Stated otherwise, "to the extent that [a plaintiff seeks] remedies that are the same as those provided for by the FLSA, those [state-law] remedies would be preempted." *Blanco v. United Comb & Novelty Corp.*, 2013 WL 5755482, at *2 n.1 (D. Mass. Oct. 22, 2013).

This is precisely the situation presented by Count 2 of the complaint. The allegations underlying the FLSA and VOWA claims are identical. Both Counts 1 and 2 allege that plaintiff and other employees "worked over forty (40) hours a week for [d]efendant in multiple workweeks"; that "[d]efendant failed to pay [p]laintiff" and its other employees "for all hours worked in excess of forty (40) hours in a workweek"; and that "[d]efendant failed to pay [p]laintiff" and its other employees "overtime pay at a rate of 1.5 of their regular rates of pay." (*Compare* Am. Compl. ¶¶ 100-02, *with id.* ¶¶ 108-10). And the VOWA itself explicitly adopts violation of the FLSA as its standard for liability—thereby seeking to "enforce[] . . . rights created under the FLSA." *See Roman*, 147 F.3d at 76. If the state law were more protective than the FLSA—if, for example, it provided that overtime wages should be paid after 35 hours of work per week—§ 218(a) would operate to protect any such claim from preemption. But here, where the state law protects only those rights already protected by the federal law, it is preempted.

Plaintiff's arguments to the contrary are unavailing. Plaintiff points to two decisions from the Eastern District of Virginia that she asserts hold that VOWA claims are not preempted. *See Hatcher v. Hines*, 2024 WL 1158365, at *6-8 (E.D. Va. Mar. 18, 2024); *Fierbaugh v. Capital One Servs., LLC*, 2025 WL 2617704, at *3 (E.D. Va. Sep. 10, 2025). But those two decisions are

7

clearly distinguishable.  *Hatcher* addressed the 2021, pre-amendment, VOWA, which included substantive standards that were different from those in the FLSA and was therefore protected by the FLSA savings clause.  *See Hatcher*, 2024 WL 1158365, at *6-7.  In *Fierbaugh*, the defendant argued not that the VOWA was preempted by the FLSA, but instead that allowing a plaintiff to bring a VOWA class action in federal court would violate the Rules Enabling Act, 28 U.S.C. § 2072(b).  *See Fierbaugh*, 2025 WL 2617704, at *3.  Neither case addressed whether a claim under the 2022 VOWA that merely repackages an FLSA claim is preempted.  In that situation, as discussed above, the state-law claim is preempted by the FLSA, and Count 2 thus fails to state a claim upon which relief can be granted for violation of the VOWA.

## IV.     Conclusion

For the foregoing reasons, defendant's motion to dismiss Count 2 of the amended complaint is GRANTED.

**So Ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  June 3, 2026                                                      United States District Judge