**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LATONYA CAMPBELL, individually and on behalf of others similarly situated, | Civil Action No. 1:25-cv-11946-FDS |
| Plaintiff, | Hon. F. Dennis Saylor IV |
| v. | |
| SIMPLISAFE, INC., | |
| Defendant. | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE**
**MEMORANDUM AND ORDER DISMISSING COUNT II (ECF NO. 30)**

Plaintiff LaTonya Campbell respectfully moves the Court to reconsider its Memorandum and Order of June 3, 2026 (ECF No. 30) (the "Order"), which dismissed Count II of the First Amended Complaint on the ground that the Virginia Overtime Wage Act ("VOWA"), Va. Code Ann. § 40.1-29.2, is preempted by the Fair Labor Standards Act ("FLSA"). The Court has inherent authority to reconsider an interlocutory order before final judgment. *See* Fed. R. Civ. P. 54(b); *Mazza v. City of Boston*, 780 F. Supp. 3d 325, 329–30 (D. Mass. 2025).

Reconsideration is warranted on two grounds. First, the Order rests on a manifest error of law: the authorities it cites do not support preemption of a state overtime statute, and the decisions most directly addressing the question—including the court in *Hatcher v. Hines*, applying *Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012)—have held that the FLSA does not preempt such statutes. Second, and in the alternative, there has been an intervening change in controlling law: the Virginia General Assembly enacted 2026 Va. Acts ch. 1040 (H.B. 238) after briefing closed. Those amendments apply, or at minimum will govern further proceedings, under Virginia law and give the VOWA remedies and a limitations period more protective than the FLSA's—which defeats preemption under the Order's own framework. Plaintiff respectfully requests that the Court

1

vacate the Order and reinstate Count II. Alternatively, if the Court concludes that the intervening enactment should be addressed through an amended or supplemental pleading, Plaintiff requests leave under Rule 15(a)(2) and/or Rule 15(d) to amend or supplement Count II. The grounds for this motion are set forth in the accompanying memorandum, which is filed herewith.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), Plaintiff respectfully requests oral argument on this motion. Oral argument may assist the Court because the motion presents a consequential and unsettled question concerning FLSA preemption of the Virginia Overtime Wage Act, asks the Court to reconsider the scope and effect of the authorities cited in the Order, and raises an intervening statutory amendment enacted after briefing closed that independently bears on whether Count II should be reinstated. A hearing would allow the parties to address those issues and respond to any questions the Court may have concerning the preemption analysis, the effect of 29 U.S.C. § 218(a), and the 2026 amendments to Va. Code Ann. § 40.1-29.2.

Respectfully submitted,

Dated: June 17, 2026

By:    /s/ Nicholas Conlon
Nicholas Conlon (admitted PHV)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
nicholasconlon@jtblawgroup.com
Lead Counsel for Plaintiff

Benjamin K. Steffans, Esq.
STEFFANS LEGAL LLC
180 Elm Street, Suite I, Box 183
Pittsfield, MA 01201
T: (413) 418-4176

bsteffans@steffanslegal.com<br>
Local Counsel for Plaintiff

## LOCAL RULE 7.1(a)(2) CERTIFICATION

I hereby certify that, prior to filing this motion, counsel for Plaintiff conferred with counsel for Defendant in a good-faith attempt to resolve or narrow the issues presented herein, and that the parties were unable to reach agreement.

By:    /s/ Nicholas Conlon
Nicholas Conlon (admitted PHV)

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2026, I caused a true and correct copy of the foregoing to be filed through the Court's CM/ECF system, which will send notice of such filing to all counsel of record.

By:    /s/ Nicholas Conlon
Nicholas Conlon (admitted PHV)

3