**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LATONYA CAMPBELL, individually and on behalf of others similarly situated, | Civil Action No. 1:25-cv-11946-FDS |
| Plaintiff, | Hon. F. Dennis Saylor IV |
| v. | |
| SIMPLISAFE, INC., | |
| Defendant. | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR RECONSIDERATION OF THE MEMORANDUM AND ORDER DISMISSING COUNT II (ECF NO. 30)**

## I.   INTRODUCTION

The Order holds that the 2022 version of the VOWA "merely repackages an FLSA claim" and is therefore preempted. Order at 7–8. Plaintiff is aware of no decision holding any version of the VOWA preempted by the FLSA. The Order reaches that result only by departing from the two decisions most directly on point—the court of appeals decision addressing whether the FLSA preempts state statutes built on the FLSA's own standards, and the district-court decision addressing whether the FLSA preempts the VOWA. Both were before the Court; Plaintiff's opposition placed them there. Reconsideration is warranted for two independent reasons. The dismissal rests on a manifest error of law that departs from the controlling principle Plaintiff briefed; and, separately, the General Assembly changed the statute after briefing closed.

First, the manifest error turns on a principle Plaintiff placed at the center of her opposition: the presumption against preemption. Plaintiff argued that recognizing her VOWA claim "accords with the presumption against preemption and longstanding state authority over wages and hours,"

1

and she relied on *Hatcher v. Hines* at the very pages where that court applied the presumption to reject FLSA preemption of a VOWA claim. Pl.'s Opp'n at 10–11 (citing *Hatcher*, 2024 U.S. Dist. LEXIS 47835, at *15–18 (E.D. Va. Mar. 18, 2024)). Section IV.A herein shows, in three steps, why the dismissal cannot be reconciled with that principle. *Hatcher* rested on grounds the 2022 amendments did not touch—that *Anderson* reaches only common-law claims used as vehicles for FLSA rights, that the presumption against preemption is "particularly strong" in the field of wages and hours, and that *Knepper v. Rite Aid Corp.*, 675 F.3d 249, 262–64 (3d Cir. 2012), forecloses preemption of a state statute that tracks the FLSA. Courts addressing the 2022 amendment to § 40.1-29.2 have characterized it as procedural and remedial, not as eliminating the substantive right to pursue unpaid overtime under Virginia law (*Meharg*; *Escalet*), so they cannot have converted a non-preempted claim into a preempted one. The four decisions the Order invokes—*Roman*, *McGrath*, *Anderson*, and *Blanco*—each concern double recovery or a common-law vehicle, not a state overtime statute—as Plaintiff's opposition began to show when it explained, quoting *Bolduc*, that *Roman* "did not hold that a claim made for overtime under the FLSA precludes a claim for overtime under state law." Pl.'s Opp'n at 11. And read as broadly as the Order reads them, those decisions cannot be squared with *Knepper*—the court of appeals decision most directly on point, and the decision on which *Hatcher* rests.

*Knepper* is therefore not new authority. It is the court of appeals decision on which *Hatcher* rests, cited at the pages Plaintiff cited; naming it now asks the Court only to apply the controlling principle the parties briefed. That is the office of reconsideration—to correct a manifest error that overlooked a principle squarely before the Court—not to introduce an argument Plaintiff could have made but did not.

Second, and independently, there has been an intervening development in controlling law that Plaintiff had no opportunity to raise. The General Assembly enacted 2026 Va. Acts ch. 1040 (H.B. 238) on April 22, 2026—roughly six months after briefing closed and six weeks before the Order issued. Section IV.B shows that those amendments reach Plaintiff's pending claim, or at minimum will govern further proceedings, and defeat preemption under the Order's own test. Under Virginia law, an amendment that changes only procedure and remedy governs pending claims, and the two federal courts to characterize the parallel 2022 amendment to § 40.1-29.2 held it wholly procedural and remedial (*Meharg*; *Escalet*); the 2026 amendment to the same section does less still, updating a cross-reference and adding a limitations period. In addition, effective July 1, 2026, the amended VOWA is more protective than the FLSA in two respects—a flat three-year limitations period, against the FLSA's two-year default for non-willful violations, 29 U.S.C. § 255(a), and mandatory liquidated damages plus prejudgment interest. The Order itself supplies the rule that decides the point: a state law "more protective than the FLSA" is saved from preemption by 29 U.S.C. § 218(a). Order at 7. On the Order's own framework, then, the amended statute is not preempted—and because the 2026 amendment postdates the briefing, this ground is properly raised for the first time now.

Each ground independently warrants reconsideration, and together they ask the Court to decide a consequential and unsettled question of first impression on a complete record. The stakes are concrete: dismissal of Count II reduces what could proceed as an opt-out Rule 23 class to an opt-in FLSA collective alone. Plaintiff does not ask the Court to reweigh arguments it has already rejected. She asks it to apply the presumption against preemption she invoked, to read the Order's own authorities as their pages allow, and to account for a statutory change that postdates the briefing entirely. On either ground, the Order should be vacated and Count II reinstated.

## II.    BACKGROUND

### A.    Procedural Background

Plaintiff filed this action on July 8, 2025, asserting claims under the FLSA and Virginia wage law on behalf of herself and other hourly call-center workers. (ECF No. 1.) She was employed by SimpliSafe from September 26, 2022 to November 21, 2024, and worked primarily from her home in Tappahannock, Virginia. (Am. Compl. ¶¶ 18–19.) SimpliSafe moved to dismiss on September 8, 2025. (ECF Nos. 10–11.) Plaintiff filed the First Amended Complaint and an opposition on September 29, 2025. (ECF Nos. 20–21.) SimpliSafe replied on October 14, 2025, withdrawing its motion as to Count I. (ECF No. 24.) On June 3, 2026, the Court dismissed Count II as preempted. (ECF No. 30.) Count I remains pending, so the Order is interlocutory.

### B.    The Versions of the VOWA and of Va. Code Ann. § 40.1-29

The VOWA has existed in three versions. Each version is enforced through the private-action provision of the Virginia Wage Payment Act ("VWPA"), Va. Code Ann. § 40.1-29, which has been amended in parallel.

*The 2021 version* (effective July 1, 2021, through June 30, 2022) was a freestanding framework. 2021 Va. Acts Spec. Sess. I, ch. 445 (H.B. 2063). It had its own definitions of "employee" and "employer," its own method for calculating the regular rate, and a directive that employers pay one and one-half times that rate for overtime "pursuant to 29 U.S.C. § 207." *Id.* The same Act amended § 40.1-29 so that its private-action provision—then subsection J—allowed treble damages for knowing violations of "this section or § 40.1-29.2." *Id.*

*The 2022 version* (effective July 1, 2022, through June 30, 2026) replaced that framework with a single paragraph. 2022 Va. Acts chs. 461–62. An employer that violates the FLSA's overtime requirements "shall be liable to the employee for the applicable remedies, damages, or

other relief available under the federal Fair Labor Standards Act in an action brought pursuant to the process in subsection J of § 40.1-29." Va. Code Ann. § 40.1-29.2 (eff. July 1, 2022). FLSA definitions, exemptions, and calculation methods apply, and accrual follows the FLSA's limitations provisions. *Id.* The companion amendments removed the references to § 40.1-29.2 from subsection J's treble-damages clause. Courts construing this version have held that overtime plaintiffs may use subsection J's process but recover only FLSA remedies. *See Meharg v. York Operations, LLC*, No. 4:22-cv-51, 2022 U.S. Dist. LEXIS 200086, at *9–11, 2022 WL 16636943, at *4–5 (E.D. Va. Nov. 2, 2022); *Escalet v. Canada Dry Potomac Corp.*, 2024 U.S. Dist. LEXIS 46882, at *20–28, 2024 WL 1163539 (E.D. Pa. Mar. 18, 2024).

*The 2026 version* (effective July 1, 2026) was approved on April 22, 2026—six months after briefing closed and six weeks before the Order issued. 2026 Va. Acts ch. 1040 (H.B. 238). It makes two changes to § 40.1-29.2: it updates the cross-reference from "subsection J" to "subsection K" of § 40.1-29, and it adds that an action "shall be commenced within three years after accrual." The renumbered subsection K, in turn, will list "§ 40.1-29.2" by name among the provisions enforceable through the private action. It directs that the court "shall award the wages owed, an additional equal amount as liquidated damages, plus prejudgment interest," with treble damages for knowing violations. Va. Code Ann. § 40.1-29(K) (eff. July 1, 2026); *see id.* § 40.1-29(H) (interest at eight percent per annum).

### III.   LEGAL STANDARD

Because the Order is interlocutory, the Court retains "inherent power" to reconsider it at any time before final judgment. *Mazza*, 780 F. Supp. 3d at 329–30; Fed. R. Civ. P. 54(b). Reconsideration is appropriate where the movant presents newly discovered evidence, identifies an intervening change in controlling law, or shows that the order "suffers from 'a manifest error

of law' or 'was clearly unjust.'" *Id.* at 330 (quoting *United States v. Allen*, 573 F.3d 42, 53 (1st Cir. 2009)). Both the manifest-error and intervening-law grounds are presented here.

## IV.    ARGUMENT

### A.    The Court Should Reconsider Its Holding That the FLSA Preempts the 2022–2026 Versions of the VOWA.

The Order holds that the FLSA preempts the VOWA as amended in 2022 because the statute "protects only those rights already protected by the federal law." Order at 7. Plaintiff respectfully submits that this holding is a manifest error, for three reasons. *First*, *Hatcher*, the decision most directly addressing whether the FLSA preempts the VOWA, held that it does not, applying *Knepper*; nothing in *Hatcher*'s reasoning depended on features of the VOWA that the 2022 amendments changed; and courts addressing the 2022 amendment to § 40.1-29.2 have characterized it as procedural and remedial, not as eliminating the substantive right to pursue unpaid overtime under Virginia law. *Second*, the authorities the Order cites support narrower propositions than the Order draws from them. *Third*, read as the Order reads them, those authorities cannot be reconciled with *Knepper*—the court of appeals decision most directly on point. A single principle connects all three reasons: the presumption against preemption. Plaintiff invoked that presumption in her opposition. (Pl.'s Opp'n at 11.) It was central to *Hatcher*'s analysis, at the very pages the opposition cited. It is the settled rule of the Supreme Court and the First Circuit. And the Order, respectfully, did not apply it.

### 1.    *Hatcher reasonably applied Knepper to the VOWA, the presumption against preemption was central to its analysis, and nothing material has changed.*

In *Hatcher*, the employer argued that the FLSA preempted the plaintiff's VOWA overtime claim. The court rejected the argument for three reasons. It explained that *Anderson v. Sara Lee*

6

*Corp.*, 508 F.3d 181 (4th Cir. 2007), on which the employer relied, reaches only common-law claims used as vehicles for FLSA rights, and "does not apply" to a statutory wage claim brought alongside an FLSA claim. *Hatcher*, 2024 U.S. Dist. LEXIS 47835, at \*16–18 (citing *In re Lowe's Cos.*, 517 F. Supp. 3d 484, 498–99 (W.D.N.C. 2021)). It then invoked the presumption against preemption: "[a] finding of preemption would also contradict federalism principles," because it would work "a significant intrusion on state authority and a reversal of the traditional presumption against preemption, which is particularly strong given states' lengthy history of regulating employees' wages and hours." *Id.* at \*17–18 (quoting *In re Lowe's*, 517 F. Supp. 3d at 499) (citing *Cal. Div. of Lab. Standards Enf't v. Dillingham Constr.*, 519 U.S. 316, 330 (1997)). On those grounds, it concluded that "the FLSA does not preempt Hatcher's VOWA claim," citing *Knepper* as "distinguishing *Anderson* and finding the FLSA does not preempt comparable state wage-and-hour claims." *Id.* at \*18 (citing *Knepper*, 675 F.3d at 264). Plaintiff's opposition cited *Hatcher* at precisely these pages, and made the same point in its own words: recognizing the VOWA claim "accords with the presumption against preemption and longstanding state authority over wages and hours." Pl.'s Opp'n at 10–11 (citing *Hatcher*, 2024 U.S. Dist. LEXIS 47835, at \*15–18).

As the Third Circuit Court of Appeals explained in *Knepper*, the presumption against preemption flows from two principles: congressional purpose is "the ultimate touchstone," and when Congress legislates "in a field which the States have traditionally occupied," courts presume that "the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." 675 F.3d at 257 (quoting *Wyeth v. Levine*, 555 U.S. 555, 565 (2009)). The Maryland and Ohio overtime statutes before it "incorporate[d] the FLSA's requirements by reference" and "establish[ed] the same, rather than higher, protections than the FLSA." *Id.* at 262 & nn.2–3. The court held they were not preempted. The savings clause's

7

"plain language evinces a clear intent to preserve rather than supplant state law." *Id.* at 262. The contrary view is "counterintuitive, since it suggests that state enforcement of standards that are identical with those established in the FLSA would somehow conflict with congressional purpose." *Id.* A legislature's "policy decision to track federal standards in enacting [its] own labor laws" is not an "end run" around the FLSA. *Id.* at 263–64. And—in the passage *Hatcher* later quoted—finding preemption "would bar enforcement of all state wage and hour laws that did not exceed the standards of the FLSA, a significant intrusion on state authority and a reversal of the traditional presumption against preemption, which is particularly strong given states' lengthy history of regulating employees' wages and hours." *Id.* at 262–63 (citing *Dillingham*, 519 U.S. at 330). On the related procedural concern, *Knepper* joined the Second, Seventh, Ninth, and D.C. Circuits in holding that an opt-out Rule 23 class based on parallel state law is not inherently incompatible with an FLSA collective action—because the opt-out mechanism comes from federal Rule 23, and "federal law cannot preempt another federal law." *Id.* at 259–63.

The Order distinguishes *Hatcher* as a decision about the 2021 VOWA, "which included substantive standards that were different from those in the FLSA and was therefore protected by the FLSA savings clause." Order at 8. But *Hatcher*'s stated reasons did not rest on those differences. Its three grounds—*Anderson*'s limit to common-law vehicles, the presumption against preemption, and *Knepper*—apply with equal force to the 2022 text. The VOWA is a statute, not a common-law claim, under every version. The presumption does not vary by version; it attaches to the field of wage-and-hour regulation, not to any particular statutory text. And *Knepper* itself involved statutes whose standards were *identical* to the FLSA's and incorporated by reference—the very feature of the 2022 text on which the Order relies. Federal incorporation was also not new in 2022: the 2021 version required overtime "pursuant to 29 U.S.C. § 207." 2021 Va. Acts Spec.

8

Sess. I, ch. 445. If anything, the closer the statute tracks the FLSA, the more squarely *Knepper*—and therefore *Hatcher*—applies.

The decisions construing the 2022 amendments confirm the point. Courts addressing the 2022 amendment to § 40.1-29.2 have characterized it as procedural and remedial, not as eliminating the substantive right to pursue unpaid overtime under Virginia law. In *Meharg*, the plaintiff sought treble damages under the VOWA for conduct predating the 2022 amendments, and the question was whether the amended statute governed her pending claim. The court held that it did, because the amendments were "procedural in nature": the amended statute "incorporates the procedural and remedial aspects of FLSA and does not alter the substantive right to bring a claim for unpaid overtime in state court." 2022 U.S. Dist. LEXIS 200086, at *9–11. In *Escalet*, the plaintiff argued that the pre-2022 regular-rate calculation method should govern his pending overtime claim. The court followed *Meharg* and held that "the 2022 amendment implicates only procedural rights, and thus applies retroactively." 2024 U.S. Dist. LEXIS 46882, at *28. It rejected the argument that *Meharg* was limited to treble damages, concluding that the procedural characterization applied "to the VOWA amendment in its entirety." *Id.* An amendment that changed only procedure and remedies cannot have transformed a non-preempted state claim into a preempted federal one. The substantive right Plaintiff asserts—a Virginia-created entitlement to overtime pay—is the same right *Hatcher* held the FLSA does not preempt.

That the FLSA and the VOWA proceed side by side is, in practice, unremarkable. Federal courts in Virginia routinely adjudicate § 40.1-29.2 overtime claims alongside FLSA claims—including under the 2022 version—as a matter of course. *See, e.g., Fierbaugh v. Capital One Servs., LLC*, No. 3:24-cv-901, 2025 U.S. Dist. LEXIS 177331, 2025 WL 2617704 (E.D. Va. Sept. 10, 2025) (denying motion to dismiss and to strike, and permitting an FLSA collective and a Rule

9

23 class under § 40.1-29.2 to proceed together, where the putative class covered the three years preceding the 2024 action and the named plaintiff was employed from approximately 2012 to June 1, 2024, *id.* at *2–4); *Menjivar v. Nova Shortcrete & Concrete, Inc.*, No. 1:24-cv-114, 2025 U.S. Dist. LEXIS 169384, 2025 WL 2490536 (E.D. Va. Aug. 12, 2025) (report and recommendation), *adopted*, 2025 U.S. Dist. LEXIS 168396 (E.D. Va. Aug. 27, 2025) (awarding overtime damages on FLSA and § 40.1-29.2 claims for work performed from 2022 through August 2023, and noting that "[t]he FLSA and the VOWA calculate overtime premiums for unpaid overtime wages the same way," *id.* at *21 & n.8); *Senteno v. Jung*, No. 1:23-cv-1271, 2024 U.S. Dist. LEXIS 31151 (E.D. Va. Jan. 26, 2024) (report and recommendation), *adopted*, 2024 U.S. Dist. LEXIS 30067 (E.D. Va. Feb. 21, 2024) (entering default judgment on FLSA and § 40.1-29.2 overtime claims for employment continuing through September 2023, and explaining that under the current VOWA "all applicable overtime calculation methods, methods of overtime payment, or other overtime provisions within the federal Fair Labor Standards Act" apply, *id.* at *10 & n.2); *Hudson v. Dunn*, No. 1:23-cv-781, 2024 U.S. Dist. LEXIS 102045, 2024 WL 2870845 (E.D. Va. Mar. 15, 2024) (report and recommendation), *adopted in part*, 2024 U.S. Dist. LEXIS 101409, 2024 WL 2866342 (E.D. Va. June 5, 2024) (awarding overtime on FLSA and § 40.1-29.2 claims for 2023 work, analyzing the VOWA claim "together" with the FLSA claim because "the analysis . . . mirrors the analysis under the FLSA," *id.* at *12); *Midkiff v. Anthem Cos.*, 748 F. Supp. 3d 376, 2024 U.S. Dist. LEXIS 161017 (E.D. Va. 2024) (certifying a Rule 23 class on § 40.1-29.2 claims spanning employment that continued into November 2022, and—following *Knepper*—rejecting the argument that the VOWA's opt-in mechanism is substantive and conflicts with Rule 23, holding that allowing Rule 23 certification "does not abridge or modify Plaintiffs' rights," *id.* at 387–88).

10

These decisions did not squarely confront a preemption challenge, so they do not themselves decide the question; but they show that the pairing the Order would forbid is commonplace.

***2. The decisions the Order cites are narrower than the Order reads them, and the broad reading cannot be squared with Knepper as applied in Hatcher.***

Examined at the pages the Order cites, none of its authorities holds that the FLSA preempts a state overtime statute. *Roman v. Maietta Constr., Inc.*, decided after trial, holds only that a plaintiff who recovered overtime under the FLSA "cannot recover again under Maine law"; the "exclusive remedy" language the Order quotes states a rule against double recovery, not preemption. 147 F.3d 71, 76 (1st Cir. 1998); *see Gonpo v. Sonam's Stonewalls & Art, LLC*, 2021 U.S. Dist. LEXIS 88853, at *4–5 (D. Mass. Apr. 1, 2021) (*Roman* "did not conduct a preemption analysis"). *McGrath v. City of Somerville* turned on the absence of any independent state-law right: the Massachusetts overtime statute did not reach the municipal employer, so the plaintiffs could invoke the Wage Act only as a vehicle for their FLSA rights. 419 F. Supp. 3d 233, 255–56 (D. Mass. 2019). *Anderson* found preemption as to common-law contract, negligence, and fraud claims that "invoke[d] state law only as the source of remedies for the alleged FLSA violations," and it "d[id] not decide whether the FLSA preempts more favorable state wage and hour laws." 508 F.3d at 193; *In re Lowe's*, 517 F. Supp. 3d at 498. And *Blanco v. United Comb & Novelty Corp.* held the claims there *not* preempted; the footnote the Order quotes addresses duplicative recovery and the "limiting" of relief, not dismissal of a statutory claim. 2013 U.S. Dist. LEXIS 151475, at *2 n.1, 2013 WL 5755482 (D. Mass. Oct. 22, 2013). Each authority thus concerns double recovery or a common-law vehicle—not a state overtime statute, and none was decided on a motion to dismiss such a claim.

Read more broadly—as barring any state law that "protect[s] only those rights already protected by the federal law," Order at 7—these authorities cannot be reconciled with *Knepper*, the court of appeals decision on which Hatcher relied, or with *Hatcher*, which followed the reasoning from *Knepper*. *Knepper* holds that a state law incorporating the FLSA's standards "by reference" still enforces state-created rights; that the savings clause "evinces a clear intent to preserve rather than supplant state law"; and that reading § 218(a) to displace equally protective state laws would "bar enforcement of all state wage and hour laws that did not exceed the standards of the FLSA"—"a reversal of the traditional presumption against preemption." 675 F.3d at 262–63. *Hatcher* applied that reasoning, and the presumption Plaintiff invoked, to hold that the FLSA does not preempt the VOWA. *Hatcher*, 2024 U.S. Dist. LEXIS 47835, at *15–18; Pl.'s Opp'n at 10–11. The Order's contrary reading runs against the presumption at each step—treating a Virginia-created right as a federal one because its measure is federal, inferring displacement from congressional silence, and crediting the "unusually elaborate enforcement scheme" concern that *Knepper* considered and rejected (joining four other circuits) as to the opt-in collective procedure. *Id.* at 259–63. Because displacing state law in a field the States have traditionally occupied requires the "clear and manifest purpose of Congress," *Wyeth*, 555 U.S. at 565—a presumption "particularly strong given states' lengthy history of regulating employees' wages and hours," *Knepper*, 675 F.3d at 262–63—and because the proponent of obstacle preemption bears a heavy burden, *see Chamber of Com. v. Whiting*, 563 U.S. 582, 607 (2011); *see also Preston v. World Travel Holdings, Inc.*, 2024 U.S. Dist. LEXIS 23070, 2024 WL 519548 (D. Mass. Feb. 9, 2024), the authorities the Order cites do not justify a contrary outcome, and the dismissal of Count II rests on a manifest error of law.

12

**B.    In the Alternative, the 2026 Amendments Apply, or at Minimum Govern Further Proceedings, and Make the VOWA More Protective Than the FLSA.**

If the Court adheres to its preemption holding as to the 2022 text, reconsideration is still warranted. The 2026 amendments are an intervening development in controlling law. They were approved on April 22, 2026—after briefing closed—and so are properly raised now. *See Mazza*, 780 F. Supp. 3d at 330. Under Virginia law, they reach Plaintiff's pending claim, or at minimum will govern further proceedings. And they change the statute in ways that matter under the Order's own preemption framework.

*1.    The 2026 amendments meaningfully change the VOWA for purposes of the Order's analysis.*

The Order held the 2022 VOWA preempted because, in its view, the statute gives plaintiffs nothing the FLSA does not. Order at 7. The 2026 amendment changes that in at least two ways that matter under the Order's own framework. *First*, effective July 1, 2026, it imposes a flat three-year limitations period: § 40.1-29.2 provides that an action "shall be commenced within three years after accrual," and the renumbered § 40.1-29(M) likewise fixes a three-year period for any action "under . . . § 40.1-29.2"—longer than the FLSA's two-year default for non-willful violations, 29 U.S.C. § 255(a). *Second*, effective July 1, 2026, the private-action process the statute incorporates directs that the court "shall award" liquidated damages "plus prejudgment interest"—relief the FLSA does not permit alongside liquidated damages. Va. Code Ann. § 40.1-29(K) (eff. July 1, 2026); *see Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 715 (1945). Either feature suffices: the Order's framework asks only whether the state law is "more protective than the FLSA," and if it is, "§ 218(a) would operate to protect any such claim from preemption." Order at 7.

13

The Order's only illustration of a "more protective" law was substantive—overtime after thirty-five hours rather than forty. Order at 7. But § 218(a) is not limited to higher substantive standards. As *In re Lowe's* explains, the FLSA does not preempt a parallel state wage claim "even if the remedy or procedural rules under the state law [are] more favorable than under the FLSA," and it offers as examples that "some state statutes may allow treble damages or a longer period of limitations for asserting claims." 517 F. Supp. 3d at 498 & n.3. A longer limitations period, and remedies the FLSA withholds, are precisely such features. The amended § 40.1-29.2 is therefore more protective, and the Order's preemption rationale does not reach it.

Because § 40.1-29.2 directs that the action proceed "pursuant to the process in subsection K of § 40.1-29," these remedies attach to a VOWA action as the procedural law in force when the matter is tried. *See* Va. Code Ann. § 1-239 ("the proceedings thereafter held shall conform, so far as practicable, to the laws in force at the time of such proceedings"). Subsection K's collective-action language is neither an obstacle nor anything new: the same opt-in language appeared in former subsection J, which the 2022 VOWA already incorporated. *Midkiff* held—following *Knepper*—that the opt-in provision "is procedural, not substantive," so that allowing Rule 23 certification of a § 40.1-29.2 class "does not abridge or modify Plaintiffs' rights." 748 F. Supp. 3d at 387–88; *see Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) (Rule 23 governs in federal court notwithstanding a contrary state procedural rule). In any event, the class-mechanism issue is not a basis to dismiss Count II at the pleading stage; it is, at most, a certification-management issue. The Court need not decide whether the treble-damages provision of subsection K applies in order to grant this motion: the longer limitations period alone makes the statute more protective, and the relief on which Plaintiff rests is remedial and procedural, raising no question of retroactive punishment.

**2.   Under Virginia law, the 2026 amendments to § 40.1-29.2 apply to pending claims, or at minimum govern further proceedings.**

Virginia recognizes two paths to retroactive application. A statute applies retroactively when its text says so, or when "the statute's amended terms affect 'remedial' or 'procedural' rights rather than 'substantive' or 'vested' rights." *McCarthy v. Commonwealth*, 73 Va. App. 630, 647 (2021). Changes to remedies and limitations periods are the classic examples. *See Cohen v. Fairfax Hosp. Ass'n*, 12 Va. App. 702, 705 (1991) (amendment extending a limitations period was "procedural in nature," affected "remedy only," and applied retroactively). The rule has a limit: where "a statutory amendment effects a change in both substance and remedy (or procedure), courts will not give the statute retroactive effect." *McCarthy*, 73 Va. App. at 647.

Two federal courts have applied this framework to the 2022 amendment of § 40.1-29.2, and both held it retroactive. In *Meharg*, the plaintiff sought treble damages under the VOWA for conduct predating the 2022 amendment. The court applied the amended statute to her pending claim and held treble damages unavailable, because the amendment was "procedural in nature": it "incorporates the procedural and remedial aspects of FLSA and does not alter the substantive right to bring a claim for unpaid overtime in state court." 2022 U.S. Dist. LEXIS 200086, at *9–11. In *Escalet*, the plaintiff argued that the pre-2022 regular-rate method should govern his pending claim. The court followed *Meharg* and held that "the 2022 amendment implicates only procedural rights, and thus applies retroactively." 2024 U.S. Dist. LEXIS 46882, at *28. It reached that result after full briefing on *McCarthy*, *Berner v. Mills*, 265 Va. 408 (2003), and Va. Code Ann. § 1-238, and after the Supreme Court of Virginia declined certified questions on the issue. And it rejected the argument that *Meharg* was limited to treble damages, holding that the procedural characterization applied "to the VOWA amendment in its entirety." *Id.*

15

The 2026 amendment to § 40.1-29.2 stands on the same footing. Like the 2022 amendment that *Meharg* and *Escalet* applied retroactively, it changes only § 40.1-29.2, and it changes only procedure and remedy: it updates a cross-reference and adds a limitations period. It creates no duty, alters no standard of liability, and changes no element of the claim. If the more substantial 2022 rewrite of § 40.1-29.2 was "procedural in nature" and "implicate[d] only procedural rights," the narrower 2026 amendment to the same section is procedural as well. Under *Meharg* and *Escalet*, it applies to Plaintiff's pending claim.

*Hatcher* is not to the contrary. There, the court declined to apply the 2022 changes retroactively—but the provision at issue was different. The *Hatcher* plaintiff invoked the treble-damages clause of § 40.1-29, and the question was whether the 2022 changes *to § 40.1-29* governed his claim. The court held they did not, because those changes "effected both procedural and substantive changes to § 40.1-29"—narrowing criminal liability under subsection E and civil penalties under subsection H, alongside the remedial change to subsection J. 2024 U.S. Dist. LEXIS 47835, at *19–21. Under *McCarthy*, an amendment changing "both substance and remedy" does not apply retroactively. 73 Va. App. at 647. The 2022 changes to § 40.1-29 did both, so *Hatcher* declined to apply them. That reasoning distinguishes *Hatcher* from *Meharg* and *Escalet*— which addressed the amendment to § 40.1-29.2, a section the same 2022 Acts changed only as to procedure and remedy—and it distinguishes *Hatcher* from this case for the same reason. Count II arises under § 40.1-29.2. The 2026 amendment to that section makes only procedural and remedial changes. The substantive changes that H.B. 238 makes elsewhere are changes to other sections; they no more block retroactive application of the § 40.1-29.2 amendment than the 2022 Acts' substantive changes to § 40.1-29 blocked retroactive application of the § 40.1-29.2 amendment in

16

*Meharg* and *Escalet*. The three decisions are consistent: each looked to the section the plaintiff invoked, and asked whether the amendment to *that* section was wholly procedural or mixed.

The form of the 2026 Act does not change this result. H.B. 238 "amend[s] and reenact[s]" the affected sections, and Va. Code Ann. § 1-238 provides that a reenacted bill's changes "in addition to the existing substantive provisions" are prospective absent express retroactivity language. But § 1-238 addresses substantive additions. Its companion, § 1-239, supplies the rule for procedure and remedy. *McCarthy* reads the two sections together in just this way. 73 Va. App. at 648 n.9 (citing *Smith v. Commonwealth*, 219 Va. 455, 476 (1978)). The 2022 Acts were also styled as reenactments. That did not prevent *Meharg* or *Escalet* from applying the amended § 40.1-29.2 to pending claims; *Escalet* did so over an express § 1-238 objection.

Applied to Plaintiff's pending claim—or, at minimum, to further proceedings on that claim—the 2026 amendment to § 40.1-29.2 supplies an independent basis for reconsideration. The claim carries a flat three-year limitations period—more protective than the FLSA's—and, through the incorporated subsection-K process, the mandatory liquidated damages and prejudgment interest described above. Under the framework the Order articulates, a more protective state law is not preempted; § 218(a) protects it. Order at 7.

## V.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court reconsider and vacate the June 3, 2026 Memorandum and Order (ECF No. 30), reinstate Count II of the First Amended Complaint, and grant such other relief as is just. Alternatively, if the Court concludes that the intervening enactment should be addressed through an amended or supplemental pleading, Plaintiff respectfully requests leave under Rule 15(a)(2) and/or Rule 15(d) to amend or supplement Count II.

Respectfully submitted,

Dated: June 17, 2026

By:   /s/ Nicholas Conlon

Nicholas Conlon (admitted PHV)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
nicholasconlon@jtblawgroup.com
Lead Counsel for Plaintiff

Benjamin K. Steffans, Esq.
STEFFANS LEGAL LLC
180 Elm Street, Suite I, Box 183
Pittsfield, MA 01201
T: (413) 418-4176
bsteffans@steffanslegal.com
Local Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2026, I caused a true and correct copy of the foregoing to be filed through the Court's CM/ECF system, which will send notice of such filing to all counsel of record.

By:   /s/ Nicholas Conlon
Nicholas Conlon (admitted PHV)

18