**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LaTONYA CAMPBELL, individually and on behalf of others similarly situated, | Civil Action No. 1:25-cv-11946-FDS |
| Plaintiff, | JOINT STATEMENT AND PROPOSED PRETRIAL SCHEDULE |
| v. | |
| SIMPLISAFE, INC., | |
| Defendant. | |

## JOINT STATEMENT

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), Local Rule 16.1, and the Court's Notice of Scheduling Conference entered June 9, 2026 (ECF No. 31), Plaintiff LaTonya Campbell and Defendant SimpliSafe, Inc. submit this Joint Statement and Proposed Pretrial Schedule in advance of the Scheduling Conference set for June 29, 2026 at 3:30 p.m. by telephone before Judge F. Dennis Saylor IV.

### I. Brief Description of the Case

Plaintiff brings this putative Fair Labor Standards Act collective action on behalf of herself and similarly situated hourly-paid call center workers employed by Defendant. Plaintiff alleges that Defendant failed to pay all wages owed, including overtime wages, by not compensating employees for time spent performing required pre-shift and post-break system setup tasks and by excluding certain compensation, including shift differentials and loyalty bonuses, from the regular-rate calculation. Defendant denies Plaintiff's allegations and denies that it violated the FLSA.

The operative pleading is Plaintiff's First Amended Collective and Class Action Complaint (ECF No. 20). The Court granted Defendant's motion to dismiss Count II, the Virginia Overtime Wage Act claim, by Memorandum and Order dated June 3, 2026 (ECF No. 30). Plaintiff filed a

motion for reconsideration of that Order on June 17, 2026 (ECF No. 32), supported by memorandum (ECF No. 33). Defendant has filed a motion for extension of time to July 6, 2026 to respond to the First Amended Complaint (ECF No. 34).

**II. Subjects Discussed Under Rules 16 and 26(f)**

1. Claims and defenses: The parties discussed the claims and defenses asserted in the operative pleadings, the status of the dismissed VOWA claim, and the pending motion for reconsideration. The parties disagree on liability. Defendant intends to oppose the pending motion for reconsideration, and will do so by agreement of the parties on or before July 6, 2026. Defendant will further file its Answer to the First Amended Complaint on or before July 6, 2026 (*see* Dkt. 34).[1]

2. Initial disclosures: The parties propose exchanging Rule 26(a)(1) initial disclosures by **July 13, 2026**, unless otherwise ordered.

3. Preservation and ESI: The parties agree to preserve potentially relevant documents and electronically stored information. The parties will meet and confer regarding search terms, custodians, time periods, production format, privilege logs, and any need for an ESI protocol. The parties agree to submit a proposed confidentiality/ protective order prior to production of their Initial Disclosures.

4. Discovery limits: Subject to further agreement or Court order, the parties propose proceeding under the discovery-event limits in Local Rule 26.1(c) as to Phase 1 discovery (see Paragraph 5, below). If either side contends that additional discovery events are necessary, that party will raise the issue promptly and, if necessary, seek appropriate relief from the Court. Further,

---

[1] For the sake of clarity, Plaintiff does not oppose the extension requested by Defendant in its Motion to Extend Time to Respond to First Amended Complaint to July 6, 2026 (Dkt. 34).

the parties expressly recognize that, if Phase 2 discovery occurs, they may need to revisit the express limitations of Local Rule 26.1(c).

5. Phasing: The parties have considered whether phased discovery would be efficient and agree to phased discovery for this putative FLSA collective action. In Phase 1, the parties will exchange discovery relevant to conditional certification, class certification if Plaintiff's state-law claims are reinstated, as well as discovery primarily relating to the merits of the claims of Plaintiff and any opt-in plaintiffs who have filed or do file consent forms. Plaintiff will move for conditional certification of the FLSA collective and, if Plaintiff's state law claim is reinstated, for certification of a Rule 23 class on or before **December 1, 2026**. If conditional certification is granted and notice issues, and/or if a Rule 23 class is certified, the parties will engage in Phase 2 discovery on focused on issues primarily relating to the merits of claims of opt-in plaintiffs who join after Phase 1 discovery, and/or class members. The parties will propose a schedule for Phase 2 discovery at the appropriate time.

6. Settlement and ADR: The parties have discussed settlement and alternative dispute resolution. Plaintiff made a settlement proposal to Defendant before the parties' mediation. The parties previously participated in mediation, which did not resolve the matter. The parties remain willing to continue good-faith settlement discussions if productive. Plaintiff believes that the settlement proposal made before mediation satisfies Local Rule 16.1(c), and will supplement or update that proposal if appropriate. Defendant states that it has conferred with its client concerning settlement and alternative dispute resolution, and engaged in good faith in the mediation which both parties participated in on May 29, 2026. The parties remain willing to continue good-faith settlement negotiations.

7. Consent to magistrate judge: The parties have considered whether they consent to trial before a magistrate judge. The parties do not consent to trial before a magistrate judge.

8. Jury trial: Plaintiff has demanded a jury trial. Defendant does not dispute Plaintiff's entitlement to trial before a jury.

### III. Proposed Pretrial Schedule

The parties propose the following schedule. The proposed dates are intended to complete fact discovery, expert discovery, and dispositive-motion filing within one calendar year of the June 29, 2026 scheduling conference, consistent with the Court's Notice of Scheduling Conference. The parties reserve the right to request modification for good cause.

| Event / Deadline | Proposed Date |
| --- | --- |
| Initial disclosures required by Fed. R. Civ. P. 26(a)(1) | July 13, 2026 |
| Deadline to move to add parties or amend pleadings to assert new claims or defenses | August 28, 2026 |
| Deadline for Plaintiff to move for conditional certification of an FLSA collective action and, if Plaintiff's state-law claims are reinstated, Rule 23 class certification | December 1, 2026 |
| Deadline to serve written discovery, including requests for production, interrogatories, and requests for admission | October 30, 2026 |
| Deadline to complete non-expert depositions | January 15, 2027 |
| Close of fact discovery | January 29, 2027 |
| If conditional certification is granted and notice issues, or if a Rule 23 class is certified, deadline for the parties to meet and confer regarding any further discovery as to opt-in plaintiffs and/or class members and submit a proposed schedule or competing proposals | Within 14 days after expiration of the Court-approved opt-in period and/or entry of any Rule 23 class-certification order, unless otherwise ordered |
| Plaintiff's trial expert disclosures under Fed. R. Civ. P. 26(a)(2) | February 26, 2027 |
| Deadline to depose Plaintiff's trial experts | March 26, 2027 |
| Defendant's trial expert disclosures under Fed. R. Civ. P. 26(a)(2) | April 23, 2027 |
| Deadline to depose Defendant's trial experts | May 21, 2027 |
| Close of expert discovery | May 21, 2027 |
| Deadline to file dispositive motions | June 21, 2027 |

| Oppositions to dispositive motions | Within 21 days after service of the motion, unless otherwise ordered |
| --- | --- |
| Replies in support of dispositive motions | Within 7 days after service of the opposition, excluding intermediate Saturdays, Sundays, and legal holidays, consistent with the Court's form scheduling order unless otherwise ordered |

## IV. Areas of Agreement and Disagreement

The parties have reached agreement on the proposed schedule above.

## V. Certifications Required by Local Rule 16.1(d)(3)

The parties will each submit their Local Rule 16.1(d)(3) conferrals under separate cover.

## VI. Signature Blocks

Respectfully submitted,

Dated: June 22, 2026

/s/ Nicholas R. Conlon
Nicholas R. Conlon
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
Telephone: 877-561-0000
Email: NicholasConlon@jtblawgroup.com

Benjamin K. Steffans
STEFFANS LEGAL LLC
180 Elm Street
Suite I, Box 183
Pittsfield, MA 01201
Telephone: (413) 418-4176
Email: bsteffans@steffanslegal.com

Attorneys for Plaintiff

Dated: June 22, 2026

/s/ Alison H. Silveira
Alison H. Silveira
Daniel B. Klein
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 1200
Boston, MA 02210
Telephone: 617-946-4800
Email: ASilveira@seyfarth.com;
DKlein@seyfarth.com

Steven DiBeneditto, *pro hac vice*
  sdibeneditto@seyfarth.com
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC  20004-1454
Telephone:    (202) 463-2400
Facsimile:    (202) 828-5393
Attorneys for Defendant

5

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LATONYA CAMPBELL, individually and on behalf of others similarly situated, | Civil Action No. 1:25-cv-11946-FDS |
| Plaintiff, | [PROPOSED] SCHEDULING ORDER |
| v. | |
| SIMPLISAFE, INC., | |
| Defendant. | |

**[PROPOSED] SCHEDULING ORDER**

**SAYLOR, J.**

This Scheduling Order is intended to provide a reasonable timetable for discovery and motion practice in order to help ensure a fair and just resolution of this matter without undue expense or delay.

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(f), it is hereby ORDERED that:

**1. Initial Disclosures.** Initial disclosures required by Fed. R. Civ. P. 26(a)(1) must be completed by July 13, 2026.

**2. Amendments to Pleadings.** Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after August 28, 2026.

**3. Fact Discovery - Interim Deadlines.** Phase 1 Written discovery (requests for production of documents, interrogatories, and requests for admissions) shall be served no later than October 30, 2026, and all depositions, other than expert depositions, must be completed by January

1

15, 2027. If the Court certifies this case as a FLSA collective and/or Rule 23 class action, the Parties will propose a schedule for Phase 2 discovery.

**4. Fact Discovery - Final Deadline.** All Phase 1 discovery, other than expert discovery, must be completed by January 29, 2027. If the Court certifies this case as a FLSA collective and/or Rule 23 class action, the Parties will propose a schedule for Phase 2 discovery.

**5. Motion for Conditional Certification of Collective Action and Class Certification.** Plaintiff shall file any motion for conditional certification of an FLSA collective action by December 1, 2026. Defendant shall file any opposition within 21 days after the filing of Plaintiff's motion, and Plaintiff shall file any reply within 14 days after the filing of Defendant's opposition, unless otherwise ordered. If Plaintiff's state-law claims are reinstated and Plaintiff moves for certification of a Rule 23 class, the same deadline and briefing schedule shall apply to any motion for class certification, unless otherwise ordered. If conditional certification is granted and notice issues, or if a Rule 23 class is certified, further discovery as to opt-in plaintiffs and/or class members may be needed. The parties shall meet and confer within 14 days after expiration of the Court-approved opt-in period and/or entry of any Rule 23 class-certification order concerning any such additional discovery and shall submit a proposed schedule, or competing proposals if agreement cannot be reached.

**6. Status Conference.** Status conferences will be held on: _____.

**7. Expert Discovery.** Plaintiff's trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by February 26, 2027. Plaintiff's trial experts must be deposed by March 26, 2027. Defendant's trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by April 23, 2027. Defendant's trial experts must be deposed by May 21, 2027.

2

**8. Dispositive Motions.** Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed by June 21, 2027. Oppositions to dispositive motions must be filed within 21 days after service of the motion.

**9. Initial and Pretrial Conferences.** The initial pretrial conference will be scheduled at a later point in the proceedings. The parties must prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(d) five business days prior to the date of the conference, except that the parties need not include matters required by Local Rule 16.5(d)(2) or (3). The trial date will normally be set at the initial pretrial conference. A final pretrial conference will be scheduled at the time the trial date is set. The Court may also schedule interim pretrial conferences in appropriate cases.

**Procedural Provisions**

**1. Extension of Deadlines.** Motions to extend or modify deadlines will be granted only for good cause shown. All motions to extend shall contain a brief statement of the reasons for the request; a summary of the discovery, if any, that remains to be taken; and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion.

**2. Motions to Compel or Prevent Discovery.** Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than the close of fact discovery or the close of expert discovery, whichever deadline is relevant.

**3. Reply Memoranda.** Parties need not seek leave of court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does not exceed twelve pages, double-spaced, and is filed within seven days (excluding intermediate Saturdays,

Sundays, and legal holidays) after service of the opposition memorandum. Parties may otherwise file reply or surreply memoranda only with leave of court.

**4. Status Conferences.** Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the Court upon reasonable notice to opposing counsel.

**5. Additional Conferences.** Upon request of counsel, or at the Court's own initiative, additional case-management or status conferences may be scheduled.

**6. Early Resolution of Issues.** Counsel are encouraged to identify issues whose early resolution may remove a significant impediment to settlement or otherwise expedite resolution of the case.

**7. Attendance of Lead Counsel at Pretrial Conferences.** Lead trial counsel are required to attend the initial and final pretrial conferences and any interim pretrial conferences scheduled by the Court. Other conferences may be handled by any counsel who is appropriately prepared.

**By the Court,**

Date: _____          _____

                                            Deputy Clerk

4