**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LATONYA CAMPBELL, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>SIMPLISAFE, INC.,<br><br>        Defendant. | Civil Case No.: 1:25-cv-11946-FDS |

**DEFENDANT'S ANSWER AND ADDITIONAL DEFENSES TO PLAINTIFF'S**
**FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT**

NOW COMES the Defendant, SimpliSafe, Inc., by and through its attorneys, Seyfarth

Shaw LLP, and as and for its Answer to Plaintiff's First Amended Collective and Class Action

Complaint With Jury Demand (Dkt. 20), respectfully states as follows:

**INTRODUCTION**

**COMPLAINT ¶1:**

Plaintiff brings this action for herself and all other similarly situated hourly-paid call center workers to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*. and attendant regulations at 29 C.F.R. § 516, *et seq*.

**ANSWER:**

SimpliSafe admits that Plaintiff has brought a lawsuit against it that includes claims under

the FLSA. SimpliSafe denies that this lawsuit is appropriate for collective certification and denies

that it engaged in a willful violation of the FLSA. The remaining allegations in Paragraph 1 are

conclusions of law to which no response is required. To the extent a response is required, any

factual allegations are denied.

**COMPLAINT ¶2:**

Plaintiff also brings this action for herself and on behalf of all other similarly situated hourly-paid call center workers to recover unpaid straight time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Virginia Overtime Wage Act ("VOWA"), Va. Code Ann. § 40.1-29.2.

**ANSWER:**

SimpliSafe admits that Plaintiff attempted to plead claims under the VOWA. Those claims were dismissed by Order of the Court dated June 3, 2026 (Dkt. 30). As a result, no response is required to this Paragraph. If the Court reinstates Count II of the First Amended Complaint, SimpliSafe will amend its Answer to this Paragraph.

**COMPLAINT ¶3:**

Defendant SimpliSafe, Inc. provides security camera and home monitoring services.

**ANSWER:**

Admitted that SimpliSafe develops and sells home security products and services. Otherwise denied.

**COMPLAINT ¶4:**

Defendant employs hourly-paid call center workers whose job duties include handling inbound telephone calls to provide support to Defendant's clients and to help convert inbound sales calls into clients.

**ANSWER:**

Admitted that Defendant employs hourly-paid employees to work at its Richmond, Virginia call center. Further admitted that certain hourly-paid employees handle inbound customer telephone calls and provide support, and that other hourly paid employees work in sales. Denied to the extent the allegations in Paragraph 4 suggest that all hourly-paid call center employees work the same job, or that the job duties of such employees are limited to the duties alleged.

**COMPLAINT ¶5:**

Plaintiff and the putative FLSA collective and Rule 23 class members are hourly-paid call center workers employed by Defendant in the last three (3) years, who were deprived of proper wages as a result of the following unlawful policies maintained by Defendant:

a.    Failing to pay hourly-paid call center workers for all hours worked, including hours worked in excess of forty (40) in a workweek, by denying them pay for time spent performing job-related tasks without being fully logged into required systems and available to handle customer calls; and

b.    Excluding certain compensation paid by Defendant to hourly-paid call center workers (i.e. Shift Differentials and Loyalty Bonuses) from its calculation of their overtime rates of pay, which they received when their paid hours exceeded forty (40) in a workweek.

**ANSWER:**

SimpliSafe admits that Plaintiff purports to bring this lawsuit as a collective action. SimpliSafe denies all wrongdoing with respect to Plaintiff and any other member of the putative collective, denies that this lawsuit is appropriate for collective action treatment, and denies the remaining factual allegations as pled in Paragraph 5.

SimpliSafe further admits that Plaintiff attempted to bring this action as a class action, but such claims were dismissed by Order of the Court dated June 3, 2026 (Dkt. 30). If the Court reinstates Count II of the First Amended Complaint, SimpliSafe reserves the right to amend its Answer to this Paragraph.

**COMPLAINT ¶6:**

As a result of these policies, Defendant failed to pay hourly-paid call center workers for all hours worked, including hours worked in excess of forty (40) hours in a week, and failed to pay them time-and-a-half of their regular rate of pay for all hours worked in excess of forty (40) hours in a week, in violation of the FLSA and VOWA.

**ANSWER:**

Denied.

**COMPLAINT ¶7:**

Plaintiff asserts the FLSA claims individually and on behalf of a putative "FLSA Collective," defined as:

> *All hourly-paid call center workers employed by Defendant in the United States or in any other place covered by the FLSA at any time from three (3) years prior to the commencement of this action through the date of judgment.*

**ANSWER:**

SimpliSafe admits that Plaintiff purports to bring this lawsuit individually and as a collective action under the FLSA on behalf of a putative collective. SimpliSafe denies all wrongdoing and liability with respect to Plaintiff or any member of the putative collective, and denies this case is appropriate for treatment as a collective action.

**COMPLAINT ¶8:**

Plaintiff seeks to send notice pursuant to 29 U.S.C. § 216(b) to all hourly-paid call center workers of Defendant informing them of their rights to assert FLSA claims in this collective action by filing consent forms.

**ANSWER:**

SimpliSafe admits that Plaintiff aspires to send notice to a putative collective under 29 U.S.C. § 216(b). SimpliSafe denies this case is appropriate for treatment as a collective action, denies that notice is appropriate, and denies the remaining factual allegations of Paragraph 8.

**COMPLAINT ¶9:**

Plaintiff asserts the VOWA claims individually and on behalf of a putative class pursuant to Fed. R. Civ. P. 23, defined as:

> *All hourly-paid call center workers employed by Defendant in the Commonwealth of Virginia at any time from three (3) years prior to the commencement of this action through the date of judgment.*

**ANSWER:**

Plaintiff's class claims under the VOWA were dismissed by Order of the Court dated June 3, 2026 (Dkt. 30). As a result, no response is required to this Paragraph. If the Court reinstates Count II of the First Amended Complaint, SimpliSafe will amend its Answer to this Paragraph.

**COMPLAINT ¶10:**

Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

**ANSWER:**

Denied.

<strong><u>JURISDICTION AND VENUE</u></strong>

**COMPLAINT ¶11:**

This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

**ANSWER:**

Admitted.

**COMPLAINT ¶12:**

This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

**ANSWER:**

Denied. Plaintiff's class claims under the VOWA were dismissed by Order of the Court dated June 3, 2026 (Dkt. 30). As a result, no response is required to this Paragraph. If the Court reinstates Count II of the First Amended Complaint, SimpliSafe will amend its Answer to this Paragraph.

**COMPLAINT ¶13:**

The Court has general personal jurisdiction over Defendant because it is domiciled in Massachusetts.

**ANSWER:**

Admitted that this Court has general personal jurisdiction because SimpliSafe's headquarters are in Massachusetts. Otherwise denied.

**COMPLAINT ¶14:**

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this district.

**ANSWER:**

Admitted that venue is proper because SimpliSafe's headquarters are in Boston, Massachusetts. Otherwise denied.

**PARTIES**

**COMPLAINT ¶15:**

Defendant SimpliSafe, Inc. is a corporation created and existing under and by virtue of the laws of the Commonwealth of Massachusetts.

**ANSWER:**

Denied.

**COMPLAINT ¶16:**

Defendant has a principal address at 100 Summer St., Suite 300, Boston, Massachusetts 02110.

**ANSWER:**

Admitted.

**COMPLAINT ¶17:**

Plaintiff LaTonya Campbell ("Campbell") is a resident of Tappahannock, Virginia.

**ANSWER:**

On information and belief, admitted.

**COMPLAINT ¶18:**

Campbell was employed by Defendant as an hourly-paid call center worker from September 26, 2022 to November 21, 2024. Campbell's job title as an hourly-paid call center worker was "Loyalty Account Specialist."

**ANSWER:**

Admitted that Campbell was employed by SimpliSafe from September 26, 2022 to November 21, 2024 as an hourly paid employee at its Richmond, Virginia call center. Otherwise denied.

**COMPLAINT ¶19:**

Campbell worked primarily from her home in Tappahannock, Virginia, and occasionally from Defendant's call center in Richmond, Virginia.

**ANSWER:**

On information and belief, admitted.

**COMPLAINT ¶20:**

Campbell's written consent to become an FLSA party plaintiff was filed as **Exhibit 1** to Plaintiff's original Complaint and is incorporated herein.

**ANSWER:**

On information and belief, admitted.

## FACTUAL ALLEGATIONS[1]

**COMPLAINT ¶21:**

Defendant provides home security services including the sale and distribution of monitoring equipment, and services in the form of system installation, remote monitoring, and security guard and police dispatching in the event of a security alarm trigger.

---

[1] The allegations in this Complaint, unless otherwise specified, refer to the time period of three years prior to the commencement of this action through the present.

**Answer:** Admitted that Plaintiff purports to refer to the time period of three years prior to the commencement of this action through the present. Denied as to the appropriateness of that calculation, as a matter of law.

7

**ANSWER:**

Admitted that SimpliSafe develops and sells home security products and services.

Otherwise denied.

**COMPLAINT ¶22:**

Defendant operates an enterprise engaged in commerce or in the production of goods for commerce, as defined under the FLSA.

**ANSWER:**

Admitted.

**COMPLAINT ¶23:**

Defendant is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

**ANSWER:**

Admitted.

**COMPLAINT ¶24:**

Defendant is an enterprise that has two (2) or more employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

**ANSWER:**

Admitted.

**COMPLAINT ¶25:**

Hourly-paid call center workers are engaged in commerce.

**ANSWER:**

Admitted.

**COMPLAINT ¶26:**

Defendant was the "employer" of hourly-paid call center workers within the meaning of the FLSA and VOWA.

**ANSWER:**

Admitted as to the FLSA. Further answering, Plaintiff's class claims under the VOWA were dismissed by Order of the Court dated June 3, 2026 (Dkt. 30). As a result, no response is required to this Paragraph. If the Court reinstates Count II of the First Amended Complaint, SimpliSafe will amend its Answer to this Paragraph.

**COMPLAINT ¶27:**

Hourly-paid call center workers are "employees" of Defendant within the meaning of the FLSA and VOWA.

**ANSWER:**

Admitted as to the FLSA. Further answering, Plaintiff's class claims under the VOWA were dismissed by Order of the Court dated June 3, 2026 (Dkt. 30). As a result, no response is required to this Paragraph. If the Court reinstates Count II of the First Amended Complaint, SimpliSafe will amend its Answer to this Paragraph.

**COMPLAINT ¶28:**

Hourly-paid call center workers' primary job duty is to handle inbound telephone calls to provide support and information to Defendant's clients and their prospective clients.

**ANSWER:**

Admitted that certain hourly paid employees primary job duty is to handle inbound customer telephone calls and provide support to SimpliSafe clients and prospective clients. Denied to the extent the allegations in Paragraph 28 suggest that all hourly-paid call center employees work the same job, or that the job duties of such employees are limited to the duties alleged.

**COMPLAINT ¶29:**

Hourly-paid call center workers' job titles include, but are not limited to "Loyalty Account Specialist," "Customer Success Specialist," "Customer Loyalty Agent," and "Inbound Sales Specialist." Hourly-paid call center workers' base compensation consists of an hourly rate of pay.

**ANSWER:**

SimpliSafe denies the allegations in the first sentence of Paragraph 29. SimpliSafe admits the allegations in the second sentence of Paragraph 29.

**COMPLAINT ¶30:**

In addition to their base compensation, Defendant also pays hourly-paid call center workers through forms of compensation including but not limited to Loyalty Bonuses and Shift Differentials.

**ANSWER:**

SimpliSafe admits that certain hourly-paid call center workers are eligible for Loyalty Bonuses and/or Shift Differentials.  Otherwise denied.

**COMPLAINT ¶31:**

The "Loyalty Bonuses" that Defendant pays hourly-paid call center workers are performance-based incentive payments, calculated based on factors including the number of customer "saves" an employee secures relative to their total calls handled during a given period.

**ANSWER:**

SimpliSafe admits that certain hourly-paid call center workers are eligible for bonuses based on performance metrics relating to customer "saves" during a given period. Otherwise denied.

**COMPLAINT ¶32:**

The "Shift Differentials" that Defendant pays hourly-paid call center workers consist of an additional hourly rate of pay for hours worked after certain times of the day and/or during weekends.

**ANSWER:**

SimpliSafe admits that certain hourly-paid call center workers are eligible for additional compensation for working certain shifts. Otherwise denied.

**COMPLAINT ¶33:**

Defendant is contractually obligated to pay each hourly-paid call center worker for all hours worked.

**ANSWER:**

Denied. Further answering, Defendant states that all hourly-paid workers are at-will employees.

**COMPLAINT ¶34:**

Defendant requires hourly-paid call center workers to record their time by clocking in and out on an electronic timekeeping system.

**ANSWER:**

Admitted.

**COMPLAINT ¶35:**

Defendant suffers and permits hourly-paid call center workers to regularly work more than forty (40) hours per week.

**ANSWER:**

SimpliSafe admits that certain hourly-paid call center workers may work more than forty (40) hours in a workweek on occasion. Otherwise denied.

**COMPLAINT ¶36:**

Defendant requires hourly-paid call center workers to follow work schedules that typically consist either of at least five shifts per week, each consisting of at least eight (8) hours of scheduled work time (exclusive of unpaid meal break periods), or at least four shifts per week, each consisting of at least ten (10) hours of scheduled work time (exclusive of unpaid meal break periods), with the total scheduled work time equating to at least forty (40) hours in the week.

**ANSWER:**

SimpliSafe admits that certain of its hourly-paid call center workers are scheduled to work forty (40) hours per week. Otherwise denied.

**COMPLAINT ¶37:**

For example, during her first eight months of employment, Plaintiff Campbell was scheduled to work four shifts per week from 9:00 a.m. to 8:30 p.m., with a one-hour unpaid meal break each day; beginning in August 2023, she was scheduled to work five shifts per week from 11:00 a.m. to 7:30 p.m., with a 30-minute unpaid meal break each day; and from January 2024 until her termination, she was scheduled to work five shifts per week from 10:00 a.m. to 6:30 p.m.,

with a 30-minute unpaid meal break each day. Plaintiff Campbell frequently worked up to approximately one hour past the time her shift was scheduled to end.

**ANSWER:**

SimpliSafe admits that Plaintiff had a 30-minute unpaid meal break each work day, from June 2023 forward. SimpliSafe further admits that, from July 2024 forward, Plaintiff's scheduled work hours were 10:00 am to 6:30 pm. SimpliSafe has been unable to locate information regarding Plaintiff's alleged schedule from September 2022 until June 2023, and therefore denies the allegations regarding both her schedule and her meal breaks for that period and leaves Plaintiff to her proof. SimpliSafe denies the remaining allegations in Paragraph 37.

**COMPLAINT ¶38:**

Defendant requires hourly-paid call center workers to be fully logged into all necessary systems and capable of handling customer calls by the scheduled start of their shifts and upon returning from unpaid meal breaks.

**ANSWER:**

Admitted that SimpliSafe requires employees be logged into their computers and clocked in at the start of their shifts and upon returning from unpaid meal breaks. Otherwise denied.

**COMPLAINT ¶39:**

To meet this requirement, call center workers routinely perform work-related tasks before and around the time at which their shifts are scheduled to start, including (1) powering on and booting their computers; (2) waiting for and completing mandatory software or firmware updates; (3) entering computer login credentials; (4) establishing a secure VPN connection (e.g. by logging into a program called "Zscaler"); (5) launching the PureCloud/Genesys phone system and setting their status to "available"; (6) opening the NICE scheduling software to confirm daily schedules (7) opening the Okta application on a personal device to generate a temporary authentication code; and (8) using that code to log into UKG, the timekeeping system; (collectively, the "System Setup Process").

**ANSWER:**

Denied. Further answering, SimpliSafe states that hourly-paid call center employees are expected to log into UKG and clock in for their shift immediately upon logging into their computers.

12

**COMPLAINT ¶40:**

Plaintiff Campbell has observed other hourly-paid call center agents stating in their Microsoft Teams chat that they also performed the steps comprising the System Setup Process.

**ANSWER:**

On information and belief, denied.

**COMPLAINT ¶41:**

SimpliSafe's policies and practices result in call center workers regularly engaging in this System Setup Process without receiving compensation, particularly during periods when they are not handling live calls. This includes time worked at and around the times at which their shifts and meal breaks are scheduled to start and end.

**ANSWER:**

Denied.

**COMPLAINT ¶42:**

Rather than compensating call center workers for all hours during which they are performing work-related tasks, Defendant denies compensation to call center workers for time during which they are not actively logged into the phone queue and capable of receiving calls.

**ANSWER:**

Denied.

**COMPLAINT ¶43:**

The ways in which Defendant denies such compensation include suffering and permitting call center workers to perform all or part of the System Setup Process before clocking in, and/or editing call center workers' clock-in/out records to remove time during which they are not actively logged into the phone queue and capable of receiving calls.

**ANSWER:**

Denied.

**COMPLAINT ¶44:**

As a result, during many workweeks within the three years preceding the commencement of this action, Defendant failed to pay hourly-paid call center workers for compensable time spent performing required tasks while not actively handling calls, including when their hours worked exceeded forty (40) in a workweek.

**ANSWER:**

Denied.

**COMPLAINT ¶45:**

There were many weeks in the three-year period preceding the commencement of this action in which Plaintiff Campbell worked over forty (40) hours but was not paid for time in which she was not actively logged into the phone queue and capable of receiving calls, including time spent performing the System Setup Process.

**ANSWER:**

Denied.

**COMPLAINT ¶46:**

In most of the weeks she worked for Defendant, including weeks in which she worked more than forty (40) hours, Plaintiff Campbell typically began performing the System Setup Process approximately 5 to 10 minutes before her scheduled shift start time (e.g., beginning around 8:50–8:55 a.m. for a 9:00 a.m. shift, around 10:50–10:55 a.m. for an 11:00 a.m. shift, and around 9:50–9:55 a.m. for a 10:00 a.m. shift). This resulted in at least approximately 5 to 10 minutes of uncompensated work before she was call-ready.

**ANSWER:**

Denied. Further answering SimpliSafe states that if at any point Plaintiff was unable to clock into UKG immediately upon logging into her computer, SimpliSafe's policy required her to speak with her manager and adjust her start time for the day.

**COMPLAINT ¶47:**

On many occasions, Campbell's System Setup Process was extended by mandatory software or firmware updates, which occurred on at least one day in most of the weeks she worked for Defendant. These updates extended the time needed to complete the System Setup Process.

**ANSWER:**

Denied. Further answering SimpliSafe states that if at any point Plaintiff was unable to clock into UKG immediately upon logging into her computer, SimpliSafe's policy required her to speak with her manager and adjust her start time for the day.

**COMPLAINT ¶48:**

Campbell also regularly encountered technical delays, including multi-factor authentication lockouts and login errors, which occurred repeatedly throughout her employment. These technical issues caused her to remain engaged in uncompensated setup work until her systems were functional.

**ANSWER:**

SimpliSafe does not have information responsive to the first sentence of this Request, and therefore it is denied. As to the second sentence, denied. Further answering, SimpliSafe states that if at any point Plaintiff was unable to clock into UKG immediately upon logging into her computer, SimpliSafe's policy required her to speak with her manager and adjust her start time for the day.

**COMPLAINT ¶49:**

As a result of these updates and technical delays, Plaintiff Campbell's clock-in time was often delayed by between approximately five (5) minutes and up to one hour beyond her scheduled shift start.

**ANSWER:**

Denied. Further answering SimpliSafe states that if at any point Plaintiff was unable to clock into UKG immediately upon logging into her computer, SimpliSafe's policy required her to speak with her manager and adjust her start time for the day.

**COMPLAINT ¶50:**

Plaintiff Campbell requested that Defendant adjust her clock-in records to reflect the times at which she actually began working, but Defendant did not pay her for that time.

**ANSWER:**

On information and belief, denied. Further answering, to the extent Plaintiff proves this allegation, it was contrary to SimpliSafe's policy and/or expected practice with respect to compensation of its hourly-paid call center workers.

**COMPLAINT ¶51:**

In certain instances in which Plaintiff experienced technical problems or delays after clocking in, Defendant's managers edited her time entries to reduce her paid time, cutting off the

periods spent troubleshooting and completing setup so that her UKG record matched her PureCloud "Available" time.

**ANSWER:**

On information and belief, denied. Further answering, to the extent Plaintiff proves this allegation, it was contrary to SimpliSafe's policy and/or expected practice with respect to compensation of its hourly-paid call center workers.

**COMPLAINT ¶52:**

Further, Defendant's managers also edited Plaintiff Campbell's clocked-in time to deny her pay for periods of work performed at or around the times at which her meal break was scheduled to occur or her shift was scheduled to end. For example, if Campbell remained clocked into UKG while completing customer calls, documenting accounts, or troubleshooting technical issues after she had logged out of PureCloud, managers reduced her recorded hours by cutting her UKG time back to her last "Available" status in PureCloud. Similarly, if she returned from her unpaid meal break and performed setup or call-related work before rejoining the queue, those minutes were excluded from her paid time. As a result, Campbell lost pay for compensable work performed at or around the times at which her meal break was scheduled to occur and her shift was scheduled to end.

**ANSWER:**

On information and belief, denied. Further answering, to the extent Plaintiff proves this allegation, it was contrary to SimpliSafe's policy and/or expected practice with respect to compensation of its hourly-paid call center workers.

**COMPLAINT ¶53:**

There were many weeks in the three-year period preceding the commencement of this action in which other hourly-paid, non-exempt call center workers, such as opt-in Plaintiffs Thomas Alston (Dkt. No. 7) and Taylor Mitchell (Dkt. No. 16) worked over forty (40) hours but were not paid for time in which they were not actively logged into the phone queue and capable of receiving calls, including time spent performing the System Setup Process.

**ANSWER:**

On information and belief, denied. Further answering, SimpliSafe states that opt-in Plaintiffs Thomas Alston and Taylor Mitchell are not proper parties to this action because they are contractually barred from pursuing claims against SimpliSafe. To the extent Plaintiff proves this

allegation, it was also contrary to SimpliSafe's policy and/or expected practice with respect to compensation of its hourly-paid call center workers.

**COMPLAINT ¶54:**

Opt-in Plaintiffs Thomas Alston and Taylor Mitchell spent uncompensated time performing the System Setup Process in an amount and at a frequency similar to Plaintiff Campbell.

**ANSWER:**

On information and belief, denied. Further answering, SimpliSafe states that opt-in Plaintiffs Thomas Alston and Taylor Mitchell are not proper parties to this action because they are contractually barred from pursuing claims against SimpliSafe. To the extent Plaintiff proves this allegation, it was also contrary to SimpliSafe's policy and/or expected practice with respect to compensation of its hourly-paid call center workers.

**COMPLAINT ¶55:**

Opt-in Plaintiff Taylor Mitchell is aware of several instances in which his supervisor, Chelsea Thomas, edited his UKG records to deny him pay for time he worked outside of active call handling. On one occasion, his meal break was backdated to 2:00 p.m. even though he remained logged in and troubleshooting until 2:07 p.m., causing those minutes to be unpaid.

**ANSWER:**

On information and belief, denied. Further answering, SimpliSafe states that opt-in Plaintiff Taylor Mitchell is not a proper party to this action because he is contractually barred from pursuing claims against SimpliSafe. To the extent Plaintiff proves this allegation, it was also contrary to SimpliSafe's policy and/or expected practice with respect to compensation of its hourly-paid call center workers.

17

**COMPLAINT ¶56:**

Defendant is aware that, or alternatively, recklessly disregarded the well-settled legal principle that activities performed by call center agents, like those comprising the System Setup Process, are compensable under the FLSA.[2]

**ANSWER:**

Denied.

**COMPLAINT ¶57:**

Defendant is aware that its hourly-paid call center workers regularly perform compensable work tasks during periods when they are not yet actively handling calls, including at and around the times at which their shifts and meal breaks are scheduled to start and end.

**ANSWER:**

Denied.

**COMPLAINT ¶58:**

Defendant further knows that this work is frequently uncompensated as a result of its timekeeping and payroll practices, which often fail to account for job-related activity performed outside of active queue time. Despite having access to login data, time records, and internal communications reflecting this unpaid work, Defendant has not taken adequate steps to ensure that all compensable time is paid in accordance with the FLSA.

**ANSWER:**

Denied.

**COMPLAINT ¶59:**

Defendant fails to pay hourly-paid call center workers for hours worked in excess of forty (40) in a workweek at a rate of or greater than 1.5 times their regular rate of pay.

---

[2] *See Cadena v. Customer Connexx LLC*, 51 F.4th 831, 840 (9th Cir. 2022) ("Because Appellants cannot perform their principal duties—receiving customer calls and scheduling—without a functional computer, booting up their computers at the beginning of their shifts is integral and indispensable and therefore compensable under the FLSA."); *Peterson v. Nelnet Diversified Sols., LLC*, 15 F.4th 1033, 1041 (10th Cir. 2021) ("[T]he preshift activities of booting up a computer and launching software are integral and indispensable to the CCRs' principal duties of servicing student loans by communicating with borrowers over the phone and by email."); U.S. Department of Labor, Wage and Hour Division, *Fact Sheet #64: Call Centers under the Fair Labor Standards Act (FLSA)* (July 2008)). ""An example of the first principal activity of the day for agents/specialists/representatives working in call centers includes starting the computer to download work instructions, computer applications, and work-related emails.").

**Answer**: Footnote 2 is a legal conclusion to which no response is required. To the extent Plaintiff's position is that these cases establish a binding or otherwise settled legal principle, denied.

**ANSWER:**

Denied.

**COMPLAINT ¶60:**

In many weeks Defendant further fails to include additional compensation hourly-paid call center workers receive in addition to their base hourly wages when determining their regular rates of pay, for purposes of determining the rate to pay them for hours worked in excess of forty (40) in a workweek.

**ANSWER:**

Denied.

**COMPLAINT ¶61:**

Defendant fails to include performance-based payments identified on Plaintiff's paystubs as "Loyalty Bonus[es]" hourly-paid call center workers receive in addition to their base hourly wages when determining their regular rates of pay, for purposes of determining the rate to pay them for hours worked in excess of forty (40) in a workweek.

**ANSWER:**

Denied.

**COMPLAINT ¶62:**

Defendant's Loyalty Bonus payments to hourly-paid call center workers are not eligible for exclusion from the calculation of their overtime rates of pay.

**ANSWER:**

Paragraph 62 states a conclusion of law to which no response is required.

**COMPLAINT ¶63:**

Defendant fails to include Shift Differential payments (identified on Plaintiff's paystubs as "Shift Differential") hourly-paid call center workers receive in addition to their base hourly wages when determining their regular rates of pay, for purposes of determining the rate to pay them for hours worked in excess of forty (40) in a workweek.

**ANSWER:**

Denied.

**COMPLAINT ¶64:**

Defendant's Shift Differential payments to hourly-paid call center workers are not eligible for exclusion from the calculation of their overtime rates of pay.

**ANSWER:**

Paragraph 64 states a conclusion of law to which no response is required.

**COMPLAINT ¶65:**

Defendant fails to include additional compensation to hourly-paid call center workers (including Shift Differential and Loyalty Bonus payments) as part of the "total remuneration" it uses to calculate their regular and overtime rates, respectively.

**ANSWER:**

Denied.

**COMPLAINT ¶66:**

The FLSA requires overtime to be paid at least 1.5x an employee's "regular rate," which, subject to some exceptions not relevant here, includes "all remuneration for employment paid to, or on behalf of, the employee" *See* 29 C.F.R. § 778.108. The VOWA incorporates these requirements. *See* Va. Code Ann. § 40.1-29.2.

**ANSWER:**

Paragraph 66 states a conclusion of law to which no response is required.

**COMPLAINT ¶67:**

Defendant violates these requirements by failing to pay hourly-paid call center workers for hours worked in excess of forty (40) in a workweek at a rate of or greater than 1.5 times their regular rate of pay.

**ANSWER:**

Denied.

**COMPLAINT ¶68:**

For example, for the biweekly pay period running from February 4, 2024 through February 17, 2024, Plaintiff Campbell's pay records show that she was credited with 70.15 hours of "Regular" time and an additional 0.11 hours of "Overtime," meaning that in at least one of the two weeks comprising this period, she worked over forty (40) hours. In addition to her base hourly rate of $20.20, Plaintiff was also paid a Shift Differential of $2.02 for 26.75 hours (totaling $54.05) and a Loyalty Bonus of $1,150.00 during this period. Defendant, however, calculated Plaintiff's

20

overtime premium at exactly 1.5 times her base hourly rate ($30.31), and did not factor the shift differential or Loyalty Bonus into her regular rate of pay.

**ANSWER:**

Paragraph 68 purports to reference a written document, which speaks for itself. To the extent Plaintiff seeks to characterize the contents of that document, such characterizations are denied.

**COMPLAINT ¶69:**

In addition to the regular-rate violation described above, during the February 4–17, 2024 pay period Plaintiff also suffered uncompensated work time. For example, she spent uncompensated work time performing the System Setup Process while not actively logged into the phone queue and capable of receiving calls.

**ANSWER:**

Denied.

**COMPLAINT ¶70:**

Defendant is aware of, and/or recklessly disregards the possibility that the rate it pays hourly-paid call center workers for hours worked in excess of forty (40) in a workweek is less than 1.5 times their regular rate of pay.

**ANSWER:**

Denied.

**COMPLAINT ¶71:**

Defendant is aware of, and/or recklessly disregards the possibility that the rate it pays hourly-paid call center workers for hours worked in excess of forty (40) in a workweek unlawfully fails to incorporate the additional forms of compensation they receive in addition to their base hourly wages.

**ANSWER:**

Denied.

**COMPLAINT ¶72:**

Defendant has willfully violated the FLSA and VOWA.

**ANSWER:**

Denied.

**COMPLAINT ¶73:**

Defendant's wrongful acts and/or omissions/commissions, as alleged herein, have not been exercised in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

**ANSWER:**

Denied.

**COMPLAINT ¶74:**

As a result of its unlawful pay and timekeeping policies, there have been many weeks within the three years preceding this action in which Defendant failed to pay hourly-paid call center workers for all hours worked, including hours worked in excess of forty (40) hours in a week, and failed to pay them time-and-a-half of their regular rate of pay for all hours worked in excess of forty (40) hours in a week, in violation of the FLSA and VOWA.

**ANSWER:**

Denied.

## COLLECTIVE ACTION ALLEGATIONS

**COMPLAINT ¶75:**

Plaintiff re-alleges and incorporates all previous paragraphs herein.

**ANSWER:**

SimpliSafe repeats and realleges its Answers to all previous paragraphs herein as its Answer to Paragraph 75.

**COMPLAINT ¶76:**

Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all hourly-paid call center workers who have been affected by Defendant's common unlawful policies and practices which include failing to pay overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq.*

**ANSWER:**

SimpliSafe admits Plaintiff purports to bring this lawsuit as a collective action under the FLSA. SimpliSafe denies that this lawsuit is appropriate for collective action treatment, and therefore denies the allegations in Paragraph 76.

**COMPLAINT ¶77:**

Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

*All hourly-paid call center workers employed by Defendant in the United States or in any other place covered by the FLSA at any time from three (3) years prior to the commencement of this action through the date of judgment.*

**ANSWER:**

SimpliSafe admits that Plaintiff purports to bring this action individually and as a collective action under the FLSA on behalf of a putative collective. SimpliSafe denies all wrongdoing and liability with respect to Plaintiff or any member of the putative collective, and denies this case is appropriate for treatment as a collective action.

**COMPLAINT ¶78:**

Plaintiff reserves the right to amend this definition as necessary.

**ANSWER:**

Denied, absent leave of Court.

**COMPLAINT ¶79:**

As a result of the Defendant's illegal policies, there were many weeks in which Defendant failed to compensate members of the FLSA collective at an overtime premium rate of not less than one and one-half (1.5) times their regular rate of pay for hours worked in excess of forty (40) per workweek as required by the FLSA.

**ANSWER:**

Denied.

**COMPLAINT ¶80:**

Plaintiff brings this collective action against Defendant to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**ANSWER:**

SimpliSafe admits that Plaintiff purports to bring this action individually and as a collective action under the FLSA on behalf of a putative collective. SimpliSafe denies all wrongdoing and liability with respect to Plaintiff or any member of the putative collective, denies this case is appropriate for treatment as a collective action, and denies that Plaintiff is entitled to the relief she requests.

**COMPLAINT ¶81:**

The collective action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

**ANSWER:**

Admitted that Plaintiff purports to assert a willful violation of the FLSA, but denied as to the appropriateness of any such finding.

**COMPLAINT ¶82:**

Plaintiff seeks to send notice to the hourly-paid workers of Defendant informing them of their rights to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

**ANSWER:**

SimpliSafe admits that Plaintiff aspires to send notice to a putative collective under 29 U.S.C. § 216(b). SimpliSafe denies this case is appropriate for treatment as a collective action, denies that notice is appropriate, and denies the remaining factual allegations of Paragraph 82.

**COMPLAINT ¶83:**

Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because

24

they were subject to the same or similar unlawful policies and practices as stated herein and their claims are based upon the same factual and legal theories.

**ANSWER:**

Paragraph 83 asserts a conclusion of law to which no response is required. To the extent Paragraph 83 contains factual assertions, SimpliSafe denies those allegations.

**COMPLAINT ¶84:**

Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a classwide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

**ANSWER:**

SimpliSafe has no information sufficient to admit or deny Plaintiff's "anticipat[ion]," and therefore denies the allegations in Paragraph 84. SimpliSafe further denies this case is appropriate for treatment as a collective action, and denies that any alleged entitlement to relief can be determined with reference to its records.

**COMPLAINT ¶85:**

Plaintiff and the putative FLSA collective members demand a trial by jury.

**ANSWER:**

SimpliSafe also demands a trial by jury.

## RULE 23 CLASS ACTION ALLEGATIONS

**COMPLAINT ¶86:**

Plaintiff re-alleges and incorporates all previous paragraphs herein.

**ANSWER:**

SimpliSafe repeats and realleges its Answers to all previous paragraphs herein as its Answer to Paragraph 86.

**COMPLAINT ¶87:**

Plaintiff also seeks to maintain this action pursuant to Fed. R. Civ. P. 23, as an opt-out class action, on behalf all hourly-paid call center workers who have been affected by Defendant's common unlawful policies and practices which include failing to pay straight time and overtime compensation, in violation of the VOWA.

**ANSWER:**

Plaintiff's class claims under the VOWA were dismissed by Order of the Court dated June 3, 2026 (Dkt. 30). As a result, no response is required to this Paragraph. If the Court reinstates Count II of the First Amended Complaint, SimpliSafe will amend its Answer to response to this Paragraph.

**COMPLAINT ¶88:**

Plaintiff brings this Rule 23 class action on behalf of:

*All hourly-paid call center workers employed by Defendant in the Commonwealth of Virginia at any time from three (3) years prior to the commencement of this action through the date of judgment.*

**ANSWER:**

Plaintiff's class claims under the VOWA were dismissed by Order of the Court dated June 3, 2026 (Dkt. 30). As a result, no response is required to this Paragraph. If the Court reinstates Count II of the First Amended Complaint, SimpliSafe will amend its Answer to response to this Paragraph.

**COMPLAINT ¶89:**

Plaintiff reserves the right to amend this definition as necessary.

**ANSWER:**

Plaintiff's class claims under the VOWA were dismissed by Order of the Court dated June 3, 2026 (Dkt. 30). As a result, no response is required to this Paragraph. If the Court reinstates Count II of the First Amended Complaint, SimpliSafe will amend its Answer to response to this Paragraph.

26

**COMPLAINT ¶90:**

Plaintiff brings this Rule 23 class action against Defendant to recover unpaid straight time and overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the VOWA.

**ANSWER:**

Plaintiff's class claims under the VOWA were dismissed by Order of the Court dated June 3, 2026 (Dkt. 30). As a result, no response is required to this Paragraph. If the Court reinstates Count II of the First Amended Complaint, SimpliSafe will amend its Answer to response to this Paragraph.

**COMPLAINT ¶91:**

The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical. Plaintiff reasonably estimates that there are a substantial number of class members in the Commonwealth of Virginia. The Rule 23 class members should be easy to identify from Defendant's payroll and personnel records.

**ANSWER:**

Plaintiff's class claims under the VOWA were dismissed by Order of the Court dated June 3, 2026 (Dkt. 30). As a result, no response is required to this Paragraph. If the Court reinstates Count II of the First Amended Complaint, SimpliSafe will amend its Answer to response to this Paragraph.

**COMPLAINT ¶92:**

There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member.

**ANSWER:**

Plaintiff's class claims under the VOWA were dismissed by Order of the Court dated June 3, 2026 (Dkt. 30). As a result, no response is required to this Paragraph. If the Court reinstates Count II of the First Amended Complaint, SimpliSafe will amend its Answer to response to this Paragraph.

**COMPLAINT ¶93:**

Plaintiff's claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. All of the class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay straight time and overtime wages. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

**ANSWER:**

Plaintiff's class claims under the VOWA were dismissed by Order of the Court dated June 3, 2026 (Dkt. 30). As a result, no response is required to this Paragraph. If the Court reinstates Count II of the First Amended Complaint, SimpliSafe will amend its Answer to response to this Paragraph.

**COMPLAINT ¶94:**

All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay straight time and overtime wages. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

**ANSWER:**

Plaintiff's class claims under the VOWA were dismissed by Order of the Court dated June 3, 2026 (Dkt. 30). As a result, no response is required to this Paragraph. If the Court reinstates Count II of the First Amended Complaint, SimpliSafe will amend its Answer to response to this Paragraph.

**COMPLAINT ¶95:**

Plaintiff will fully and adequately protect the interests of the class members and has retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and her counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

28

**ANSWER:**

Plaintiff's class claims under the VOWA were dismissed by Order of the Court dated June 3, 2026 (Dkt. 30). As a result, no response is required to this Paragraph. If the Court reinstates Count II of the First Amended Complaint, SimpliSafe will amend its Answer to response to this Paragraph.

**COMPLAINT ¶96:**

Defendant's corporate-wide policies and practices affected all class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claims arise from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and her counsel know of no unusual difficulties in this case.

**ANSWER:**

Plaintiff's class claims under the VOWA were dismissed by Order of the Court dated June 3, 2026 (Dkt. 30). As a result, no response is required to this Paragraph. If the Court reinstates Count II of the First Amended Complaint, SimpliSafe will amend its Answer to response to this Paragraph.

**COMPLAINT ¶97:**

Plaintiff and the Rule 23 class members demand a trial by jury.

**ANSWER:**

Plaintiff's class claims under the VOWA were dismissed by Order of the Court dated June 3, 2026 (Dkt. 30). As a result, no response is required to this Paragraph. If the Court reinstates Count II of the First Amended Complaint, SimpliSafe will amend its Answer to response to this Paragraph.

**COUNT I**
**(Individual and 29 U.S.C. § 216(b) Collective Action Claims)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.***
**Failure to Pay Overtime Wages**

**COMPLAINT ¶98:**

Plaintiff re-alleges and incorporates all previous paragraphs herein.

**ANSWER:**

SimpliSafe repeats and realleges its Answers to all previous paragraphs herein as its

Answer to Paragraph 98.

**COMPLAINT ¶99:**

29 U.S.C. § 207(a)(1) provides:

[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

**ANSWER:**

Paragraph 99 asserts a conclusion of law to which no response is required.

**COMPLAINT ¶100:**

Plaintiff and the FLSA collective members worked over forty (40) hours a week for Defendant in many workweeks.

**ANSWER:**

Denied.

**COMPLAINT ¶101:**

As a result of the policies and violations alleged herein, Defendant failed to pay Plaintiff and the FLSA collective members for all hours worked in excess of forty (40) hours in a workweek.

**ANSWER:**

Denied.

**COMPLAINT ¶102:**

As a result of the policies and violations alleged herein, Defendant failed to pay Plaintiff and the FLSA collective members overtime pay at a rate of 1.5 of their regular rates of pay.

**ANSWER:**

Denied.

**COMPLAINT ¶103:**

Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

**ANSWER:**

Denied.

**COMPLAINT ¶104:**

Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

**ANSWER:**

Denied.

**COMPLAINT ¶105:**

As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the FLSA collective members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recover overtime wages for all unpaid hours worked in excess of forty (40) in a workweek, straight-time wages for all unpaid hours worked up to forty (40) in all weeks for which overtime wages are owed, *see Conner v. Cleveland Cty.*, 22 F.4th 412, 425-26 (4th Cir. 2022) ("Accordingly, we hold that overtime gap time claims are cognizable under the FLSA"), liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**ANSWER:**

SimpliSafe admits that Plaintiff seeks to recover damages as set forth in Paragraph 105, but denies that such damages are appropriate and denies Plaintiff's recitation of the law with respect to compensability.

## COUNT II
### (Individual and Fed R. Civ. P. 23 Class Action Claims)
### <u>Violation of the VOWA</u>
### <u>Failure to Pay Overtime Wages</u>

**<u>COMPLAINT ¶106:</u>**

Plaintiff re-alleges and incorporates all previous paragraphs herein.

**<u>ANSWER:</u>**

SimpliSafe repeats and realleges its Answers to all previous paragraphs herein as its

Answer to Paragraph 106.

**<u>COMPLAINT ¶107:</u>**

The VOWA provides: "[a]ny employer that violates the overtime pay requirements of the federal Fair Labor Standards Act ... shall be liable to the employee for the applicable remedies, damages, or other relief available under the federal Fair Labor Standards Act in an action brought pursuant to the process in subsection J of § 40.1-29."

**<u>ANSWER:</u>**

Plaintiff's class claims under the VOWA were dismissed by Order of the Court dated June

3, 2026 (Dkt. 30). As a result, no response is required to this Paragraph. If the Court reinstates

Count II of the First Amended Complaint, SimpliSafe will amend its Answer to response to this

Paragraph.

**<u>COMPLAINT ¶108:</u>**

Plaintiff and the Rule 23 class members worked over forty (40) hours a week for Defendant in many workweeks.

**<u>ANSWER:</u>**

Plaintiff's class claims under the VOWA were dismissed by Order of the Court dated June

3, 2026 (Dkt. 30). As a result, no response is required to this Paragraph. If the Court reinstates

Count II of the First Amended Complaint, SimpliSafe will amend its Answer to response to this

Paragraph.

**COMPLAINT ¶109:**

As a result of the policies and violations alleged herein, Defendant failed to pay Plaintiff and the Rule 23 class members for all hours worked in excess of forty (40) hours in a workweek.

**ANSWER:**

Plaintiff's class claims under the VOWA were dismissed by Order of the Court dated June 3, 2026 (Dkt. 30). As a result, no response is required to this Paragraph. If the Court reinstates Count II of the First Amended Complaint, SimpliSafe will amend its Answer to response to this Paragraph.

**COMPLAINT ¶110:**

As a result of the policies and violations alleged herein, Defendant failed to pay Plaintiff and the Rule 23 class members overtime pay at a rate of 1.5 of their regular rates of pay.

**ANSWER:**

Plaintiff's class claims under the VOWA were dismissed by Order of the Court dated June 3, 2026 (Dkt. 30). As a result, no response is required to this Paragraph. If the Court reinstates Count II of the First Amended Complaint, SimpliSafe will amend its Answer to response to this Paragraph.

**COMPLAINT ¶111:**

Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

**ANSWER:**

Plaintiff's class claims under the VOWA were dismissed by Order of the Court dated June 3, 2026 (Dkt. 30). As a result, no response is required to this Paragraph. If the Court reinstates Count II of the First Amended Complaint, SimpliSafe will amend its Answer to response to this Paragraph.

**COMPLAINT ¶112:**

As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the Rule 23 class members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recover overtime wages for all unpaid hours worked in excess of forty (40) in a workweek, straight-time wages for all unpaid hours worked to forty (40) in all weeks for which overtime wages are owed, liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, costs and other compensation pursuant to VOWA. *See* Va. Code Ann. § 40.1-29.2.

**ANSWER:**

Plaintiff's class claims under the VOWA were dismissed by Order of the Court dated June 3, 2026 (Dkt. 30). As a result, no response is required to this Paragraph. If the Court reinstates Count II of the First Amended Complaint, SimpliSafe will amend its Answer to response to this Paragraph.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A)     A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the FLSA;

(B)     A declaratory judgment that Defendant's wage practices alleged herein violate the VOWA;

(C)     An Order for injunctive relief ordering Defendant to comply with the FLSA, VOWA, and end all of the illegal wage practices alleged herein;

(D)     Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E)     Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the VOWA claims set forth herein;

(F)     Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G)     Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is

34

reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(H)    Designating Plaintiff as the representative of the FLSA collective and Rule 23 class in this action;

(I)    Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Class in this action;

(J)    Judgment for damages for all unpaid overtime wages and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA;

(K)    Judgment for damages for all unpaid overtime wages and pre- and post-judgment interest to which Plaintiff and the Rule 23 class members are lawfully entitled under the VOWA;

(L)    An incentive award for the Plaintiff for serving as representative of the FLSA collective and Rule 23 class in this action;

(M)    Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA and VOWA;

(N)    Judgment for any and all civil penalties to which Plaintiff and the FLSA collective and Rule 23 class members may be entitled; and

(O)    Such other and further relief as to this Court may deem necessary, just and proper.

**ANSWER:**

SimpliSafe admits that Plaintiff's request the relief listed in this section, but denies that any

such relief is appropriate in this lawsuit.

**JURY DEMAND**

Plaintiff, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

**ANSWER:**

SimpliSafe admits that Plaintiff requests trial by jury, and likewise so requests. SimpliSafe

further admits that Plaintiff purports to bring this lawsuit individually and as a collective action

under the FLSA on behalf of a putative collective. SimpliSafe denies all wrongdoing and liability

with respect to Plaintiff or any member of the putative collective, and denies this case is appropriate

for treatment as a collective action. As to Plaintiff's VOWA claim, that claim was dismissed by Order of the Court dated June 3, 2026 (Dkt. 30). As a result, no response is required to this Paragraph as to the Plaintiff's request to bring this case as a class action. If the Court reinstates Count II of the First Amended Complaint, SimpliSafe will amend its Answer to this Paragraph.

### SIMPLISAFE'S AFFIRMATIVE AND ADDITIONAL DEFENSES

SimpliSafe asserts the following affirmative and additional defenses without assuming any burden of production or proof that it would not otherwise have.

### FIRST DEFENSE

Plaintiff's claims and those of any putative collective members (including any opt-in plaintiffs) are barred, in whole or in part, by the doctrines of equitable estoppel and/or unclean hands to the extent they violated SimpliSafe's policies by under-reporting and/or failing to report accurately their time worked.

### SECOND DEFENSE

Plaintiff's claims and those of any putative collective members (including any opt-in plaintiffs) are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD DEFENSE

Plaintiff and any putative collective/class members (including any opt-in plaintiffs) have received full payment for all work performed thereby barring their claims; alternatively, SimpliSafe is entitled to an off-set of any amount of relief claimed by Plaintiff and the putative collective members for any payments or overpayments of wages, commissions, or other remuneration previously paid to them.

36

**FOURTH DEFENSE**

Plaintiff's claims and those of any putative collective/class members (including any opt-in plaintiffs) are barred by the doctrine of res judicata and/or collateral estoppel to the extent that Plaintiff or any putative collective/class member or beneficiary of this action has asserted in any prior legal or administrative proceeding that he or she was entitled to any additional payment to which Plaintiff claims that they, or the members of the putative collective, are entitled.

**FIFTH DEFENSE**

Plaintiff cannot satisfy the requirements for proceeding on a collective action basis, including because this Court lacks personal jurisdiction over any out-of-state putative opt-in plaintiffs.

**SIXTH DEFENSE**

SimpliSafe states, in the alternative if necessary, that if, in fact, it has failed to pay any uncompensated time in excess of 40 hours in a work week, it is de minimis.

**SEVENTH DEFENSE**

Plaintiff cannot satisfy the requirements for proceeding on a collective basis because she has no reasonable expectation of establishing that she is similarly situated to any member of the putative collective, either in terms of the compensation that she was provided or the individualized nature of the relief sought.

**EIGHTH DEFENSE**

If Plaintiff or any putative collective members (including any opt-in plaintiffs) were to prevail, the claims for liquidated damages and pre-judgment interest would be barred to the extent that these forms of relief are duplicative of each other.

37

**NINTH DEFENSE**

To the extent that Plaintiff purports to assert a collective action, certain members of the putative collective and/or class are barred, in whole or in part, from becoming a member of any purported collective because of their individual contractual obligations to SimpliSafe.

**TENTH DEFENSE**

Plaintiff lacks standing to assert claims on behalf of individuals outside her own employment scope, including employees in different job classifications, or who worked during time periods during which Plaintiff was not employed by Defendant. Plaintiff cannot recover for alleged violations that did not personally affect her.

**ELEVENTH DEFENSE**

If Plaintiff or any putative collective members (including any opt-in plaintiffs) were to prevail, the statute of limitations is limited to two years from each individual opt-in plaintiff's date of opt-in, not three, because SimpliSafe at no time engaged in a willful, knowing or intentional violation of the statute.

**ADDITIONAL DEFENSES**

SimpliSafe is just beginning its investigation of this matter.  Therefore, SimpliSafe reserves the right to amend this Answer and to add to the Defenses listed herein, with leave of Court as appropriate.

WHEREFORE, Defendant SimpliSafe, Inc. respectfully requests that, after due proceedings, the Court enter judgment in its favor dismissing Plaintiff's claims with prejudice and awarding it the costs of this proceeding, including its reasonable attorneys' fees, and any other relief that this Court deems appropriate.

DATED: July 6, 2026

Respectfully submitted,

DEFENDANT SIMPLISAFE, INC.

By its Attorneys,


/s/ Alison H. Silveira
Daniel B. Klein (BBO# 638059)
  dklein@seyfarth.com
Alison H. Silveira (BBO #666814)
  asilveira@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport East, Suite 1200
Boston, MA 02210-2028
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

Steven DiBeneditto, *pro hac vice pending*
  sdibeneditto@seyfarth.com
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC  20004-1454
Telephone:  (202) 463-2400
Facsimile:  (202) 828-5393

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2026, a copy of the foregoing was filed electronically through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

_/s/ Alison H. Silveira_
Alison H. Silveira
