**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LATONYA CAMPBELL, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SIMPLISAFE, INC.,<br><br>    Defendant. | Civil Action No.  1:25-cv-11946-FDS |

**DEFENDANT SIMPLISAFE, INC.'S OPPOSITION**
**TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Defendant SimpliSafe, Inc. ("SimpliSafe" or "Defendant"), by and through its undersigned

counsel, submits this Opposition to Plaintiff Latonya Campbell's Motion for Reconsideration

(Dkts. 32 and 33, the "Motion') of this Court's June 3, 2026, Order dismissing Plaintiff's putative

class claim under the Virginia Overtime Wage Act (VOWA) claim as preempted by the Fair Labor

Standards Act (FLSA) (Dkt. 30, the "Order"). For the reasons stated below, the Court should deny

the Motion.

## I.    INTRODUCTION

Motions for reconsideration are extraordinary remedies that should be granted sparingly.

This Court has repeatedly enforced these limitations to preserve the integrity and finality of judicial

decisions. Thus, motions for reconsideration should only be granted in the limited circumstances

where there is the court commits a manifest error of law, newly discovered evidence exists, or an

intervening change in law occurred. None of those circumstances are present here.

In its Order, the Court carefully examined the VOWA and concluded that Plaintiff's

VOWA claim was preempted by her FLSA claim because the VOWA claim rested on the same

factual allegations, the same rights and legal standards, and the same remedies as those provided

1

under the FLSA. The Court thus correctly found that, under controlling First Circuit precedent and the precedent of this Court, the VOWA claim impermissibly duplicated federal rights and was therefore preempted by the FLSA.

The Motion does not alter this conclusion. It does not identify any manifest error, any newly discovered evidence, or any genuine intervening change in controlling law. It instead attempts to relitigate issues the Court has already addressed and rejected, supplemented by a belated reliance on a state legislative amendment to the VOWA that does not change the governing federal analysis, only took effect on July 1 of this year (nearly 20 months after Plaintiff last worked for SimpliSafe, *see* Dkt. 20, ¶18), and does not apply retroactively to Plaintiff's claim. Because motions to reconsider are not vehicles to repeat arguments previously rejected or to advance new theories that could have been raised earlier, the Court should deny the Motion.

## II.    <u>LEGAL STANDARD</u>

As noted above, "[m]otions for reconsideration are extraordinary remedies that should be granted sparingly." *North America Photon Infotech, LTD. v. Acquia, Inc.*, 801 F. Supp. 3d 1, 2 (D. Mass. 2025) (Saylor, J.); *M.A. v. O'Malley*, No. 24-10371-FDS, 2024 WL 2305046, *1 (D. Mass. May 21, 2024) (Saylor, J.); *BRT Management v. Malden Storage, LLC*, No. 17-10005-FDS, 2024 WL 421988, at *1 (D. Mass. Feb. 5, 2024) (Saylor, J.). The Court must balance the need for finality versus its duty to render just decisions when analyzing a motion to reconsider. *M.A.*, 2024 WL 2305046, at *1. Crucially, "[a] motion for reconsideration is not a vehicle for a party to repeat old arguments previously considered or rejected, or to raise new legal theories that should have been raised earlier." *Id.* Nor is it a vehicle to air grievances or highlight disagreement with the Court's reasoning or decision. *Id.* Thus, motions for reconsideration are rarely granted absent a compelling reason.

Given this strong presumption against reconsidering the Court's decisions and the need for finality, this Court will grant a motion for reconsideration only if there was (1) a manifest error of law; (2) newly discovered evidence, or (3) an intervening change in law. *North America Photon Infotech, LTD.*, 801 F. Supp. 3d at 2; *Thorpe v. Excel Inc.*, No. 22-11033-FDS, 2023 WL 6466370, at *1 (D. Mass. Oct. 4, 2023) (Saylor, J.); *North America Photon Infotech, LTD.*, 801 F. Supp. 3d at 2. None of those conditions are present here.

## III.    ARGUMENT

In her Motion, Plaintiff does not argue that there has been newly discovered evidence. Instead, she rests her arguments for reconsideration on two theories: *first*, that the Court committed a manifest error of law in its preemption analysis; and *second*, that the 2026 amendments to the VOWA constitute an intervening change in law. Because neither provides a basis for reconsideration of the Court's prior ruling, the Court should deny the Motion.

### A.    The Court Did Not Commit A Manifest Error Of Law

Plaintiff claims the Court's preemption ruling rests on a "manifest error." Yet the Motion does not identify *any* error of law committed by the Court. Instead, the Motion repackages arguments the Court already considered and rejected when analyzing SimpliSafe's motion to dismiss. The Court should thus deny the motion for reconsideration on this basis.

i.    Reconsideration Is Not a Vehicle for Relitigating Arguments the Court Already Considered and Rejected

Plaintiff's "manifest error" argument merely repeats the same points she made in opposing dismissal of the putative class claim under the VOWA. In that opposition briefing, Plaintiff argued the VOWA claim is not preempted because it operates as a parallel state wage statute preserved by the FLSA's savings clause. She also latched onto two Eastern District of Virginia cases – *Hatcher v. Hines* and *Fierbaugh v. Capital One Services, LLC* – to claim that state statutory wage

claims may proceed alongside an FLSA claim. Dkt. 21 at 10-12. And she argued that binding First Circuit authority SimpliSafe cited in its briefing, including *Roman v. Maietta Constr., Inc.*, and decisions from this Court, merely prohibit double recovery or the use of common law claims to enforce FLSA rights. *Id.* at 11-12.

The Court considered and rejected these arguments. In doing so, and contrary to Plaintiff's argument otherwise in her opposition brief, the Court found that, under *Roman*, the FLSA provides "the exclusive remedy for enforcement of rights created under the FLSA to exclusion of state law purporting to allow enforcement of those same rights." Order, at 6. And because "simply…repacking an FLSA claim as a state-law claim would 'stand as an obstacle to the accomplishment of the full purposes and objectives of the FLSA," the Court explained that "to the extent that [a plaintiff seeks] remedies that are the same as those provided for by the FLSA, those [state-law] remedies would be preempted." *Id.* at 6-7. The Court concluded that was precisely the situation present here: the VOWA claim, as pled, precisely duplicated the FLSA claim and was thus preempted.

The Court also found that Plaintiff's lead cases, *Hatcher* and *Fierbaugh*, were "clearly distinguishable." Order, at 7-8. *Hatcher* addressed the pre-2022 amendments version of VOWA, while *Fierbaugh* addressed whether the VOWA conflicted with the Rules Enabling Act. *Id.* at 7-8. In the Court's opinion, neither case addressed the precise question presented: "whether a claim under the 2022 VOWA that merely repackages an FLSA claim is preempted." *Id.* at 8. On that point, the Court answered yes.

Plaintiff's Motion changes the form of the arguments she previously advanced in her opposition to the motion to dismiss, but the substance of the arguments remains the same. The motion again invokes *Hatcher*, again emphasizes the distinction between statutory and common-

law claims, and again asserts that the binding authority on which SimpliSafe relies addresses only double recovery or common-law theories, not preemption of a state overtime statute. Motion, at 6-12. That is not a proper basis for reconsideration. A motion for reconsideration is not a second bite at the apple. Nor is it a chance to ask the Court to read the cases again and hope the Court will change its mind. *See, e.g.,* Motion, at 2 ("[Plaintiff] asks [the Court]…to read the Order's own authorities as their pages allow…"). Because the Motion does just that, the Court should deny it.

ii.  <u>Plaintiff Identifies No Manifest Error Under Rule 54(b)</u>

Plaintiff also fails to satisfy the governing standard for reconsideration. A manifest error is a clear, outcome determinative error. *See e.g., Lyons v. Federal National Mortgage Association et al.*, No. 1:18-cv-10365-ADB, 2019 WL 1961072, at *4 (D Mass. May 1, 2019) (finding that, because an error was harmless and not dispositive, the error was not a manifest error warranting reconsideration). Yet Plaintiff identifies none here. She points to no controlling authority the Court overlooked and no binding precedent it misapplied. Instead, as noted above, she urges a different reading of the same cases, which is not manifest error. And her reliance on *Knepper* does not change the analysis. *Knepper* is a nonbinding Third Circuit opinion. Disagreement with how the Court weighed nonbinding authority is not a basis for reconsideration.

Even accepting Plaintiff's arguments, any alleged error in the Court's reasoning is not outcome determinative and not a manifest error. The Court found that Plaintiff's VOWA claim is coextensive with her FLSA claim since it is based on the same facts, asserts the same rights, and seeks the same remedies. Plaintiff does not dispute that finding in the Motion. At most, she identifies procedural consequences from the ruling: she must pursue her claims as an opt-in FLSA collective rather than an opt-out class under the VOWA. Motion, at 3 ("The stakes are concrete: Dismissal of Count II reduces what could proceed as an opt-out Rule 23 class to an opt-in FLSA

5

collective alone"). But that procedural consequence does not change the result of this case. It is true that Plaintiff must now proceed through an FLSA collective instead of a FLSA collective *and* a VOWA class, but her ability to recover is unchanged. Because the VOWA claim merely duplicated the FLSA claim, Plaintiff's substantive rights have not changed – she still may seek full relief under the FLSA. And under Plaintiff's own reading of *Roman* (*i.e.*, that it bars double recovery), she could not recover under both the FLSA and the VOWA regardless. Thus, because the alleged error alters only the form of the action (proceeding as a collective rather than a class) and does not affect Plaintiff's substantive entitlement to relief, it is not a manifest error.

### B.     The 2026 Amendments to VOWA Are Not An Intervening Change Of Law Warranting Reconsideration

Plaintiff argues in the alternative that recent amendments to the VOWA represent an intervening change of law that warrants reconsideration of the Court's dismissal of her VOWA claim. Specifically, Plaintiff relies on amendments extending the limitations period to three years and expanding available remedies for claims brought under the VOWA. That argument fails for two independent reasons. First, state-law amendments do not constitute an intervening change in "controlling law" for purposes of reconsideration of a federal preemption ruling. Second, even if the amendments were relevant, they do not apply retroactively under settled Virginia law, which is how Plaintiff seeks to apply them here.

#### i.     The Relevant Intervening Law is Federal, Not State Law

Plaintiff's reliance on amendments to Virginia law is misplaced at the threshold. Preemption is a question of federal law governed by the Supremacy Clause and binding federal precedent. Whether a state statute is preempted depends on congressional intent and federal doctrine, *not* on subsequent changes enacted by a state legislature.

For purposes of reconsideration, "intervening controlling law" refers to developments in binding federal authority, such as decisions of the Supreme Court or the relevant circuit court of appeals, or amendments to the governing federal statute, not changes in state law. A state legislature cannot alter the governing principles of federal preemption by modifying its own statute. Accordingly, the 2026 amendments do not constitute an intervening change in controlling law warranting reconsideration of the Court's prior ruling.

  ii.  <u>Even if the 2026 VOWA Amendments Are An Intervening Change in Law, They Do Not Apply Retroactively</u>

Even assuming the amendments were relevant, they do not apply to her claims. The amendments took effect on July 1, 2026 (notably, *after* Plaintiff filed the Motion, and long after she worked her last day for SimpliSafe). Because Plaintiff's claims arise from conduct predating that effective date (as it must, given that her employment with SimpliSafe ended 20 months before those amendments), the amendments would apply only if they operate retroactively. They do not.

Virginia law imposes a strong presumption against retroactive application of statutes. *Doe v. Green*, 304 Va. 536, 546 (2025) ("[i]t has long been the law of the Commonwealth that retroactive application of statutes is disfavored"). Statutes are construed to operate prospectively "unless a contrary intention is manifest and plain." *Id.* So a court may find retroactive application only when (1) the legislature expressly provides for retroactivity, or (2) the amendment affects solely procedural or remedial rights rather than substantive ones. *McCarthy v. Commonwealth*, 73 Va. App. 630, 647 (2021). Neither circumstance is present here.

  1.  *The Amendments Contain No Express Retroactivity Provision*

In the absence of a "manifest and plain" expression of such intent, the statute must be applied prospectively. *Doe*, 304 Va. at 546; *see also* Va. Code § 1-238. Plaintiff does not appear

to dispute that the 2026 enactment contains no language indicating that it applies retroactively. Accordingly, the amended VOWA cannot apply retroactively on this basis.

> 2. *The Amendments Reflect Substantive – Not Merely Procedural – Changes*

Nor can the amendments be cast as merely procedural or remedial change so as to allow retroactive use. Virginia law distinguishes between statutory provisions affecting substantive rights and those dealing with matters of procedure. A provision is substantive if it "deals with [the] creation of duties, rights, and obligations." It is procedural if it "prescribe methods of obtaining redress or enforcement of rights." *Shiflet v. Eller*, 228 Va. 115, 120 (1984). When an amendment addresses both, courts will not apply it retroactively. *McCarthy*, 73 Va. App. at 647 ("In circumstances where a statutory amendment effects a change in both substance and remedy (or procedure), courts will not give the statute retroactive effect."); *see also Pennington v. Superior Iron Works*, 30 Va. App. 454, 459 (1999) (In order for [a] statutory change 'to apply retroactively,…it must be procedural in nature and affect remedy only, disturbing no substantive right or vested rights.'").

Plaintiff first claims that the revised statute of limitations in the VOWA is procedural and thus applies retroactively. But that claim fails. In the context of a statutory claim not arising at common law (as is the case here), the Supreme Court of Virginia found that the limitations period for the cause of action defines the scope of the statutory right itself. *Riddett v. Va. Elec. & Power Co.*, 255 Va. 23, 29 (1998). And since such changes define the scope of the right itself, the changes were substantive, not procedural, and could not apply retroactively absent a clear legislative command, which, as noted above, has not occurred here. *Id.*; *see also Doe v. Green*, 304 Va. at 546 (declining to apply retroactively legislation extending limitations for civil claims).

8

Applied here, the 2026 amendments to the VOWA's limitations period are substantive and do not retroactively apply. Effective July 1, 2026, the Virginia General Assembly amended the VOWA to include the following language:

> Any action brought pursuant to this section shall accrue according to the applicable limitations set forth in the federal Fair Labor Standards Act *and shall be commenced within three years after accrual*.

Va. Code § 40.1-29.2 (effective July 1, 2026) (emphasis the same). This text departs from the FLSA. Under federal law, a three-year limitations period applies only on proof of willfulness. The amendment removes that requirement, effectively setting a blanket three-year limitations period for VOWA claims. In doing so, it expands the time for suit and revives claims that would otherwise be barred. That change alters the legal effect of past conduct and therefore changes substantive rights. Accordingly, the amendment cannot apply retroactively.

Plaintiff's second argument, aimed at the Virginia Wage Payment Act (VWPA) amendments extending treble damages to overtime claims under VOWA, is also unavailing. *See* Va. Code 40.1-29(K) (Effective July 1, 2026).[1] She labels the change procedural, but *Hatcher* (a case that Plaintiff repeatedly cites and discusses in her briefing) requires a different conclusion. There, the court addressed whether the 2022 amendments removing treble damages for overtime claims applied retroactively. *Hatcher v. Hines*, No. 3:23cv325, 2024 WL 1158365, at *8 (E.D. Va. Mar. 18, 2024). The court said no. It reasoned that, although part of the statute was remedial, other changes altered who could face liability and criminal sanction – a change that was substantive because it altered the class of persons subject to the statute. *Id.* So, because the 2022 amendments involved changes effecting *both* substantive rights and procedural remedies (and lacked retroactive

---

[1] Plaintiff originally brought a claim under the VWPA, but voluntarily dropped that claim during the pendency of the Motion. *Compare* Dkt. 1 (Complaint) *with* Dkt. 20 (First Amended Complaint).

text), the court refused to give it retroactive effect. *Id.* (citing *McCarthy v. Commonwealth*, 73 Va. App. 630, 650 (2021)).

The same logic applies here. The 2026 amendments include changes impacting both substantive rights and procedural remedies, and they thus do not apply retroactively. As noted in *Hatcher,* Virginia law is clear that altering "the creation of duties, rights, and obligations," or changing "the class of persons" subject to enforcement, are substantive changes. *Shiflet*, 228 Va. at 120; *McCarthy*, 73 Va. App. at 650. These amendments do just that. *First,* they broaden what conduct counts as actionable. The revised definition of "wages" now encompasses additional forms of pay and related violations, including those tied to misclassification. *See* Va. Code § 40.1-29(A) (effective July 1, 2026). That change expands the scope of liability, and it redefines what conduct triggers enforcement. Such a shift is plainly substantive.

*Second*, the 2026 amendments expand who may initiate enforcement actions with the Labor Commissioner. Under § 40.1-29(G), the Commissioner may now act not only on employee complaints, but also on information from third parties. That change widens exposure and expands the class of individuals who can begin an enforcement action. In practical terms, it enlarges the reach of the statute. That too is a substantive change. Taken together, these revisions reshape both the conduct covered and the actors who can invoke the statute. Because the amendments alter rights, duties, and exposure, they cannot apply retroactively.

Accordingly, the 2026 amendments are not an intervening change in law that govern Plaintiff's VOWA claim. The Court's earlier preemption analysis, based on the law in force at the time of the alleged violations, stands. Plaintiff's reliance on 2026 amendments fails and reconsideration is not warranted.

### C.    Plaintiff's Request for Leave to Amend Should Be Denied

In the alternative, Plaintiff requests leave to amend her complaint to account for the 2026 amendments to the VOWA. The Court should deny that request. Although leave to amend is generally granted freely under Rule 15(a), it is well established that leave may be denied where amendment would be futile, cause undue delay, or reflect repeated attempts to relitigate previously rejected theories. *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). Here, amendment would be futile for at least two reasons.

*First*, any amendment based on the 2026 statutory changes would fail as a matter of law because those amendments do not apply to Plaintiff's claims. As explained above, the amendments are not retroactive under Virginia law. They include substantive changes, most notably the extension of the statute of limitations, that alter the scope of liability and the consequences of past conduct. Under settled Virginia principles, such changes cannot be applied to pre-enactment claims. And because Plaintiff's claims arise from conduct predating July 1, 2026, any amended pleading relying on those provisions would be legally deficient and futile.[2]

*Second*, amendment would also be futile because it would not cure the fundamental defect that Plaintiff's VOWA claim is preempted by the FLSA. Plaintiff's proposed amendment rests entirely on the premise that the 2026 changes alter the preemption analysis by making the statute "more protective" than the FLSA. But that premise depends on applying those amendments to this case. Because the amendments do not apply, the statutory scheme remains unchanged for purposes

---

[2] Again, Plaintiff herself *cannot* make any claims around conduct arising after July 1, 2026, because she ceased working for SimpliSafe on November 21, 2024. First Amended Complaint (Dkt. 20), ¶ 18. While three opt-in plaintiffs continue to work at SimpliSafe, none have come forward with claims – nor can they state such claims because, as Plaintiff is aware, SimpliSafe amended its payroll practices effective January 1, 2026.

of Plaintiff's claims. Accordingly, the basis for this Court's prior dismissal remains intact and amendment would be futile for this reason as well.

## IV.    **CONCLUSION**

For the reasons stated above, SimpliSafe asks that the Court deny Plaintiff's Motion for Reconsideration.

DATED: July 6, 2026                          Respectfully submitted,

SIMPLISAFE, INC.

By Its Attorneys,

/s/ *Alison H. Silveira*
Daniel B. Klein (BBO# 638059)
  dklein@seyfarth.com
Alison H. Silveira (BBO #666814)
  asilveira@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport East, Suite 1200
Boston, MA 02210-2028
Telephone: (617) 946-4800
Facsimile: (617) 946-4801

Steven DiBeneditto, *admitted pro hac vice*
  sdibeneditto@seyfarth.com
SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC  20004-1454
Telephone:  (202) 463-2400
Facsimile:   (202) 828-5393

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 6, 2026, a copy of the foregoing was filed electronically through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ *Alison H. Silveira*
Alison H. Silveira